Richard R. Carson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 2, 1984, to Judges ROGERS CRAIG and COLINS, sitting as a panel of three.

*Richard R. Carson,* petitioner, for himself.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 19, 1984:

Richard Roland Carson appeals from a decision by the Unemployment Compensation Board of Review, which affirmed a referee's denial of extended benefits because, for the week ending February 13, 1982, Mr. Carson allegedly failed "to actively engage in seeking work," as required by section 403-A(b)(2) of the Unemployment Compensation Law.[1]

We must decide if substantial evidence supports the board's determination of ineligibility.

The referee found that Mr. Carson met with OES authorities on February 3, 10, and 12, 1982 and that in the last meeting, an OES representative, Mrs. Augenbright, informed Mr. Carson that, to receive benefits, he needed to make four separate job inquiries within

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by section 2 of the Act of February 9, 1971, P.L. 1, *as amended,* 43 P.S. §813.

a given week. During the week ending February 13, 1982, he made only two inquiries.

An individual cannot receive compensation under the Law's extended benefits program, if, among other things, he fails "to actively engage in seeking work . . . ." 43 P.S. §813(b)(2). An individual actively engages in seeking work during any week if he "has engaged in a systematic and sustained effort to obtain work during such week," 43 P.S. §813(f)(1), and "furnished tangible evidence that he has engaged in such an effort during such week" 43 P.S. §813(f)(2). The Law does not define "systematic and sustained effort to obtain work."[2]

Mr. Carson first contends that the local OES authorities did not inform him of the four-employer contact requirement. We must disagree.

By Mr. Carson's own admission, an OES representative informed him of the four-contact requirement:

Q. Now what did they tell you then did they tell you how many contacts did they tell you that you needed then?

A. There were 4 contacts needed as of full coverage of all the information, you are given 7, 5 to 7 forms and there's a brief explanation with every form.

Q. And that was on February the 3rd?

A. Yes it was.

. . . .

Q. Are you saying that you didn't understand?

A. No I'm not saying that I didn't understand I'm simply saying with that amount of in-

---

[2] The board alleges that an explanatory booklet known as UPC-9 requires four job contacts per week; this booklet, however, is not in the record.

formation as I left the 3rd I didn't remember four job contacts because of the quantity of information we had to remember.

Still unresolved, however, is the question of when Mr. Carson first learned of the four-contact requirement. The referee found that the compensation authorities informed the claimant on February 12, 1982 of the number of contacts needed. Mr. Carson's testimony, however, indicated that he first learned of the requirement on February 3. Because notice of the necessary number of contacts on February 12 for the week ending February 13 would be an inadequate basis for denying benefits, we must remand for clarification of the referee's finding.

Mr. Carson also contends that the compensation authorities unreasonably held him to the four-contact requirement when the Report of Work Seeking Activities, which he completed to obtain benefits, required him to list a minimum of only two contacts.

The referee made no mention of this report in his findings. At the hearing, Mrs. Augenbright admitted that, because of continually changing federal standards, the OES has not updated the form which Mr. Carson used to list his work-seeking activities. To avoid the very confusion which apparently occurred here, the local OES office therefore scheduled personal and group interviews to explain orally the number of weekly job contact requirements needed.

Mr. Carson, however, submits that he was justified in believing that the OES required only two contacts; specifically, he argues that he was confused by the number of written forms and oral instructions which he received at his various interviews and therefore reasonably relied on the only written instructions at his disposal. *Cf. Kowal v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 378,

465 A.2d 1322 (1983) (reasonableness of claimant's justification for using vulgar language toward employer is question of fact for referee); *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 24, 358 A.2d 739, 741 (1976) (reasonableness of claimant's proffered justification for violation of employer's work rule is question of fact for referee). Because an appellate court cannot infer findings not actually made by the board or referee, *Kowal*, 77 Pa. Commonwealth Ct. at 380, 465 A.2d at 1323, we must vacate the order of the board and remand this case for clarification of the findings made and for an additional finding pertinent to the issue of whether Mr. Carson reasonably relied on the written instructions contained in the Report of Work Seeking Activities.

ORDER

Now, June 19, 1984, the order of the Unemployment Compensation Board of Review, No. B-207211, dated June 25, 1982, is vacated, and this case remanded for a clarification of the findings made and for an additional finding on the issue of whether the claimant reasonably relied on the written instructions contained in the Report of Work Seeking Activities.

Jurisdiction relinquished.