John B. Lent, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 5, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

536

*Arthur S. Zanan,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, July 9, 1984:

John B. Lent, claimant herein, received unemployment compensation benefits and exhausted the maximum benefits then due him. Claimant subsequently filed for extended unemployment compensation benefits under the federally funded Extended Benefits Program. The Office of Employment Security determined that the claimant was ineligible under Section 403-A of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §813(a)-1, (a)-2. A referee and the Unemployment Compensation Board of Review (Board) affirmed this decision.

The claimant at the time of separation from employment received a copy of Booklet No. UCP-9 (Unemployment Compensation Shareable Regular/Extended Benefits Program) which explained his rights and responsibilities under the Extended Benefit Program. He was informed in the booklet that he had to make four employer contacts per week and at least two of these contacts had to be in person. During the week of March 20, 1982, claimant submitted a report of his job-seeking activities as required under the

Extended Benefits Program. The report indicated that claimant had made four contacts by mail during the week. Claimant had also tentatively arranged interviews with two attorneys which were cancelled by the attorneys.

At the referee's hearing, claimant submitted two notarized statements from each attorney which indicated that they had appointments scheduled with claimant which each cancelled. The referee determined that these statements were "self-serving" on the part of the claimant and that claimant did not make two personal contacts with employers during the week at issue. The referee, therefore, concluded that claimant was ineligible under Section 403-A(b) of the Law because he failed to make a demonstrated, systematic and sustained effort to obtain work during the week claimed. The Board adopted the findings of the referee and affirmed his decision.

Section 403-A(a) of the Law provides the eligibility requirements for extended benefits. It states:

[a]n individual shall be eligible to receive . . . extended benefits with respect to any week of unemployment in his eligibility period only if the Secretary of Labor and Industry finds that with respect to such week:

(1) he is an "exhaustee" as defined in section 401-A(j)

(2) he has satisfied the requirements of this act for the receipt of regular benefits that are applicable to individuals claiming . . . extended benefits, including not being subject to a disqualification for the receipt of benefits.

43 P.S. §813(a). This section also provides reasons for ineligibility of a claimant who seeks extended benefits. It states that an individual shall be ineligible for extended benefits if:

(1) he failed to accept any offer of suitable work . . . or failed to apply for any suitable work to which he was referred by the employment office; or

(2) he failed to actively engage in seeking work.

43 P.S. §813(b). A claimant is treated as actively engaged in seeking work, according to Section 403A-(f) of the Law, if he "has engaged in a systematic and sustained effort to obtain work" and "furnishes tangible evidence that he has engaged in such an effort." 43 P.S. §813(f).

Our scope of review is confined to questions of law, and, absent fraud, to a determination of whether the findings of fact are supported by the evidence. *Westfall v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 619, 379 A.2d 1389 (1977).

The claimant contends that he did indeed engage in a systematic and sustained effort to obtain work and complied with the provisions of Section 403A-(b) of the Law. The Board contends that its findings are supported by substantial evidence and that an appointment for interview, cancelled by a prospective employer, does not qualify as a personal job contact in satisfaction of Section 403-A(b) of the Law. The Board maintains that because claimant made no further effort during the week at issue to make personal contact with prospective employers he therefore does not qualify for benefits.

We agree with the claimant that he engaged in a systematic and sustained effort to obtain work. Claimant testified that he personally appeared for the two tentatively scheduled interviews with two attorneys which were cancelled. The referee did not conclude that the claimant did not appear, but rejected the testimony because it was self-serving. We do not perceive this testimony or the submission of the at-

torneys' statements to be such. Under the requirements of Sections 403-A(b) and 403-A(f) of the Law, claimant has demonstrated that he actively engaged in a good faith effort to secure employment.

For the reasons set forth above, we reverse the order of the Board and award extended benefits.

### ORDER

AND Now, July 9, 1984, the order of the Unemployment Compensation Board of Review, No. B-208825, dated August 13, 1982, is reversed and claimant is awarded extended benefits for the period he was eligible.