Helen M. Stouffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Thomas M. Place,* for petitioner.

*Karin Simpson,* Associate Counsel, with her, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, November 29, 1984:

This appeal results from an order of the Unemployment Compensation Board of Review (Board), which affirmed an order of a referee denying extended benefits to claimant Helen M. Stouffer.

Claimant began collecting unemployment compensation benefits in June, 1982. When the regular benefits were exhausted, she began collecting extended benefits in February, 1983. Section 403-A of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 2 of the Act of February 9, 1971, P.L. 1, 43 P.S. §813, provides in part:

> (b) Notwithstanding any other provisions of Section 402-A an individual shall be ineligible for the payment of shareable regular benefits or extended benefits for any week of unemployment in his eligibility period if during such period:
>
> . . . .
>
> (2) *he failed to actively engage in seeking work as prescribed under subsection (f).*
>
> . . . .
>
> (f) For the purposes of subsection (b)(2), an individual shall be treated as actively engaged in seeking work during any week if he meets both of the following:
>
> (1) *The individual has engaged in a systematic and sustained effort to obtain work during such week.*

(2) The individual furnishes tangible evidence that he has engaged in such an effort during such week. (Emphasis added.)

The Office of Employment Security (OES) determined that claimant had not engaged in a "systematic and sustained" job search for the week ending April 3, 1982. Accordingly, claimant's extended benefits were terminated. Appeals to a referee and the Board resulted in affirmances of the OES ruling. This appeal followed.

The essential facts are not in dispute. On the week in question, claimant made five job contacts on two separate days. The procedure of the local OES office in Carlisle requires four weekly job contacts on four separate days. As claimant made her required number of contacts on only two days, the referee held that claimant had failed to engage in a systematic and sustained search for work. Claimant, of course, disputes this legal conclusion.

Although we can find no case law on this question, we are certain that a determination of what constitutes "a systematic and sustained effort to obtain work" is one of law and is, therefore, subject to this Court's review. As the Board points out in its brief, "A systematic effort to obtain work is a work search conducted with thoroughness and with a plan or methods to produce results." (Board's brief, p. 10.) The Board characterizes the difference in requirements for eligibility for regular benefits and extended benefits, recognizing that passive availability which is sufficient for the former will not suffice for the latter which calls for one to actively seek work. We have no quarrel with any of these statements by the Board.

One must note, however, that the Congress, in passing legislation requiring one to actively seek work to remain eligible for benefits, set no standards for

determining what constituted an active search for work. Furthermore, the Pennsylvania legislature has set no objective standards. Finally, the Board points to no regulation which may assist us in our inquiry. According to assertions made at oral argument, the various local offices of the OES set their own rules for what constitutes an active search for work. As the Board argued, differing economic conditions in various locales mandate such local discretion. We disagree.

We believe the legislative intent, as set forth by both the congress and our legislature, is to require claimants receiving extended benefits to actively engage in seeking work. The legislature has found such an active engagement where a claimant (1) engages in "a systematic and sustained effort to obtain work" and (2) furnishes evidence of such effort. There is no dispute in this case concerning claimant's evidence of five contacts; thus we are limited to deciding if five job contacts on two days constitutes the requisite "systematic and sustained" effort.

Even the Board agrees that five contacts in a week is a sufficient number, as the local rule in the Carlisle OES requires only four such weekly contacts. The Board argues, however, that spreading the contacts over four separate days will somehow assure a greater likelihood of success. We fail to perceive such a correlation. While common sense indicates that the likelihood of finding work increases as the number of employment interviews increase, we do not believe that spreading out the contacts over a number of days makes any difference.

We recognize that the legislature could have enacted a "four and four" rule in this area and we would have been obligated to defer to such a legislative judgment unless it could be proved that such a rule was

constitutionally infirm. Further, no regulations have been promulgated on this question which would likewise require us to consider such administrative interpretation. Since we have neither legislative or administrative guidance however, we believe, on these facts, that claimant's five contacts in one week constitute the required active search *as a matter of law.*

Therefore, claimant should not have been denied extended benefits.

ORDER

Now, November 29, 1984, the August 12, 1982, order of the Unemployment Compensation Board of Review at No. B-208770 is reversed and the matter is remanded for reinstatement of extended benefits.

Jurisdiction relinquished.