Jose Orbera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1985, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederic Chardon,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 30, 1985:

Jose Orbera (Claimant) appeals here an order of the Unemployment Compensation Board of Review (Board). That order affirmed the decision of a referee which found him ineligible for extended unemployment compensation benefits under Section 403-A (b)(2) of the Unemployment Compensation Law (Law).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §813(b)(2), which provides:

... [A]n individual shall be ineligible for the payment of shareable regular benefits or extended benefits for any week of unemployment in his eligibility period if during such period:

(1) he failed to accept any offer of suitable work ... or failed to apply for any suitable work to which he was referred by the employment office; or

Claimant's last day of work was April 30, 1982 and he applied for unemployment compensation benefits effective May 2, 1982. The Office of Employment Security (OES) found Claimant eligible for benefits and he subsequently received benefits for twenty-six weeks. As Claimant approached the end of his regular benefits, he was counseled by the OES through an interpreter as Claimant does not speak English,[2] as to the eligibility requirements for extended benefits. Specifically, the OES informed Claimant that to qualify for extended benefits, he would have to provide tangible evidence that he has engaged in a systematic and sustained effort to obtain work. The OES further informed Claimant that the OES had interpreted the phrase ''systematic and sustained effort'' to require extended benefit claimants to make five job contacts on five different days, one of which must be a personal contact and a job application must be filed. For the week in question, Claimant made only three job contacts, all over the telephone, and all through a friend, Louis Cruz. There were no personal contacts. The OES determined that Claimant had failed to engage in a systematic and sustained effort to find work and thus was ineligible for extended benefits. Claimant appealed that OES determination

---

(2)  he failed to actively engage in seeking work as prescribed under subsection (f).

Subsection (f) provides:

. . . [A]n individual shall be treated as actively engaged in seeking work during any week if he meets both of the following:

(1)  the individual has engaged in a systematic and sustained effort to obtain work during such week and

(2)  the individual furnishes tangible evidence that he has engaged in such an effort during such week.

[2] Neither the referee nor the Board made any specific finding on this issue but it is readily apparent from the record that Claimant is unable to communicate effectively in the English language.

to a referee who held a hearing on December 21, 1982. On January 4, 1983, the referee issued a decision which upheld the OES determination and Claimant appealed to the Board. On March 9, 1983, the Board affirmed the referee's decision and denied benefits.

In this appeal, Claimant raises two assignments of error: (1) that the Board erred as a matter of law when it determined that he did not engage in a systematic and sustained effort to obtain employment, and (2) that publication of the requirements in the OES Bulletin was not a proper promulgation as required by the Commonwealth Documents Law[3] and may not be used to deny him extended benefits under Section 403-A(b)(2) of the Law.

We shall first examine whether Claimant may be denied benefits pursuant to an OES Bulletin interpreting a systematic and sustained work search effort as five job contacts in five days. Our analysis begins with *Lopata v. Unemployment Compensation Board of Review,* 507 Pa. 570, 493 A.2d 657 (1985) wherein the Pennsylvania Supreme Court ruled that an Unemployment Compensation Bulletin requiring that a ''credit week'', in the event of an overlap in that week between two calendar quarters, be assigned to that calendar quarter in which at least four days. fell, was an invalid regulation as it had not been promulgated in accordance with the Commonwealth Documents Law and, therefore, could not be used to deny a claimant financial eligibility.

The Board had argued that the requirement was a policy and not a regulation and, therefore, compliance with the Commonwealth Documents Law was unnecessary. The Supreme Court, rejecting that argument, pointed to its decision in *Pennsylvania Human Rela-*

---

[3] Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§1201-1208; *see also* 45 Pa. C. S. §§101-907.

*tions Commission v. Norristown Area School District,*
473 Pa. 334, 374 A.2d 671 (1977), in which the court
distinguished between policy and regulation:

> A properly adopted substantive rule estab-
> lishes a standard of conduct which has the force
> of law . . . The underlying policy embodied in
> the rule is not generally subject to challenge
> before the agency.

> A general statement of policy, on the other
> hand, does not establish a binding norm . . . A
> policy statement announces the agency's tenta-
> tive intentions for the future.

*Norristown,* 473 Pa. at 350, 374 A.2d at 679, *quoting
Pacific Gas and Electric Co. v. Federal Power Com-
mission,* 506 F.2d 33, 41 (D.C. Cir. 1974). The Su-
preme Court reasoned that the Unemployment Com-
pensation Bulletin at issue in *Lopata* did more than
offer generalized guidelines or articulate general
statements of policy; rather, it established a standard
of conduct having the force of law and, thus, was a
regulation which, in order to be valid, must be promul-
gated in accordance with the Commonwealth Docu-
ments Law.

Likewise, in the instant case, the OES Bulletin
requiring documentation of five contacts in five days
to avoid disqualification for failure to make a sys-
tematic and sustained work search effort, is not policy
but a regulation and an invalid one. Claimant may
not be disqualified pursuant to the OES Bulletin here.

Having determined that the OES Bulletin may not
be given controlling effect, the question remains
whether the decision should be upheld as a valid exer-
cise of the Board's adjudicative function. Did the
Board err as a matter of law when it determined
Claimant did not engage in a systematic and sustained
effort to obtain employment? Resolution of the above

issue turns on statutory interpretation. As we noted in *Stouffer v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 211, 484 A.2d 230 (1984), neither Congress nor the Pennsylvania legislature has set any objective standards to be used for determining what constitutes an active search for work. Further, there are no regulations on the subject in the Pennsylvania Code. Thus, we have been forced to decide on a case by case basis whether in each case the Board's adjudication effectuates the legislative intent underlying the phrase "systematic and sustained effort to obtain work."[4]

In *Stouffer,* we determined that the claimant who had made five job contacts in two days (rather than the four contacts in four days required by the local OES) had made an active search for work as a matter of law. We were unable to agree with the Board that failure to spread the job contacts out over a four day period made claimant's work search effort any less active.

In the instant case, Claimant's extended benefits were terminated when he had a friend who speaks English make three telephone calls to prospective employers for him. Those three telephone calls were Mr. Orbera's sole effort to obtain a job that week.

An extended benefits claimant has received twenty-six weeks of regular benefits, paid by the state of Pennsylvania through funds obtained by taxing Pennsylvania employers (and recently, Pennsylvania employees) and four weeks of shareable regular benefits,

---

[4] *See Stouffer; Carson v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 297, 476 A.2d 1021 (1984) ; *Lent v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 535, 477 A.2d 920 (1984). Regulations, properly promulgated, which quantitatively define a systematic and sustained work search effort would facilitate the administrative review process and eliminate the need for case-by-case review by this Court.

funding of which is shared by our state and federal governments. To maintain continued eligibility to receive regular benefits, a claimant must simply register for work with the state's job service. A claimant receiving shareable regular benefits or extended benefits, on the other hand, is expected to make a more diligent and active search for work; he is required to provide proof that he is not willingly unemployed, that it is his sincere desire to rejoin the ranks of the employed. Thus, an individual is ineligible for payment of shareable regular benefits or extended benefits if during any week he claims benefits he fails to actively engage in seeking work. An individual is actively engaged in seeking work if he engages in "a systematic and sustained effort to obtain work" and "furnishes tangible evidence that he has engaged in such an effort" during that week.[5]

Since the words "systematic" and "sustained" are not defined by the Law, we must construe the words according to their common and approved usage. Section 1903 of the Statutory Construction Act, 1 Pa. C. S. §1903. Webster's Third New International Dictionary 2304 (1966) defines "sustained" as "maintained at length without interruption." Therefore, we believe a sustained work search effort is a continued work search maintained at length throughout each week. Webster's Third New International Dictionary 2322 (1966) defines "systematic" as "marked by or manifesting system, method, or orderly procedure; following or observing a plan." We would define a systematic work search effort as a work search conducted methodically and with a procedure selected to produce results.

We now examine Mr. Orbera's work search effort in light of the above definitions. Are three phone

---

[5] See footnote 1.

calls to prospective employers made through an English-speaking friend a work search continued at length throughout the week and conducted methodically and with a procedure selected to produce results? Admittedly, Mr. Orbera was handicapped by his inability to speak English. Still, his efforts were not representative of one determined to become reemployed. Personal contacts, even those contacts complicated by a language barrier, are certainly more conducive to obtaining the result sought than are third person telephone contacts. We determine that Mr. Orbera's work search effort in the instant case was neither systematic nor sustained and we will affirm the Board's order disqualifying Mr. Orbera from eligibility for extended benefits.

ORDER

Now, this 30th day of August, 1985, the order of the Unemployment Compensation Board of Review at Decision No. B-215732, dated March 9, 1983, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.

Judge BARRY did not participate in the decision in this case.

Judge DOYLE dissents.