513 A.2d 558

John Vicini, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 29, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John A. Vicini,* petitioner, for himself.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, July 31, 1986:

John Vicini (petitioner), a *pro se* litigant, appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed, and modified, a referee's decision to deny petitioner Federal Supplemental Compensation.

Petitioner was employed for six (6) years with Schenley Distilleries, as a shipper, until they ceased operations in December, 1982. Petitioner began receiving benefits in September, 1983. On July 23, 1984, the Office of Employment Security (OES) issued a Notice of Determination denying benefits under Section 402(a).[1] The OES determination was affirmed by a referee on August 28, 1984. On February 20, 1985, the Board affirmed and modified the referee's decision to deny benefits.[2]

On July 9, 1984, petitioner searched the "job bank" at the local OES and came across an opening for a word processor operator with Marsetta Lanes. Petitioner had recently completed some computer courses, and felt that he might qualify for this position. Upon his own initiative and insistence, petitioner managed to have OES arrange an interview for him.

The interview was scheduled for July 12, 1984, at 3:00 p.m., at Marsetta's Allegheny County office. The Allegheny office is Marsetta's main office, with the em-

---

[1] Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a); failure to apply for or accept suitable work. Section 402 is made applicable to Federal Supplemental Compensation through Title VI of the Tax Equity and Fiscal Responsibility Act of 1982 (Public Law 97-248).

[2] The Board's modified decision denied benefits on the basis of Section 403-A(b), 43 P.S. §813(b); failure to apply for any suitable work to which he was referred by the employment office. This section is also made applicable to Federal Supplemental Compensation through Title VI.

ployment opportunity being in Marsetta's Armstrong County office. The Allegheny office is approximately seventy-five (75) miles from petitioner's home.

The Board's critical findings of fact are as follows:

3. The claimant, when accepting the referral, stated to the Employment Service interviewer that he had a dentist appointment on July 12, 1984, at 11:30 a.m. and the interviewer made the employment interview appointment for 3:00 p.m.

4. On July 12, 1984, the claimant called the Employment Service interviewer at approximately 2:00 or 2:30 p.m. and stated that he had just arrived home from the dentist and that he would be unable to make the 3:00 p.m. employment interview because of the travel time required.

5. The Employment Service interviewer informed the claimant that she would then attempt to arrange an interview for the claimant with the employer for July 13, 1984.

6. The claimant stated to the Employment Service interviewer that he had other commitments for that day and would be unable to make any appointment she might arrange.

7. The claimant's commitments were to follow up with other employers with whom he had previously placed applications.

8. The claimant was not committed to any specific time to meet with those employers on July 13, 1984.

On appeal, petitioner contends that the evidence does not support the Board's findings that he refused to apply for suitable work to which he was referred by OES. Furthermore, assuming arguendo the work was suitable, petitioner argues he had good cause for refusal to attend the interview on the two dates in question.

We find merit in petitioner's contentions and reverse the Board's order.

Our scope of review is confined to questions of law, and, absent fraud, to a determination of whether the findings of fact are supported by the evidence. *Lent v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 535, 477 A.2d 920 (1984). Additionally, the issues of job suitability and good cause are issues of law subject to our review. *Gettig Engineering v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984).

Our review of the record indicates no evidence to support finding of fact number 6. In fact, the record is devoid of any testimony that petitioner flatly refused to interview for this position. However, the record does reflect that shortly after his discussion with the OES interviewer a decision was made to draw up the termination papers, rather than reschedule the interview any time after July 13.

Petitioner initiated the process of getting an interview with Marsetta. He was the one who spotted the opening while searching the "job bank" on July 9, 1984. On July 12, 1984, he stated his long-standing dental appointment as his basis for unavailability. Furthermore, petitioner's interview was not local, and it would have been impossible to drive the approximately seventy-five miles to reach the interview on time. As for the interview scheduled for July 13, 1984, petitioner informed OES that he had plans to follow-up other employment prospects that day. Petitioner testified that he did not refuse a referral at all, only that he could not make the appointment on July 13th because of prior commitments. No testimony concerning petitioner's ability to schedule the interview for another day is present in the record.

It is unreasonable to believe that a person who sought out and requested a referral would be unwilling to attend the interview. Here, we have a person who was attempting to purge himself from the rolls of the unemployed by actively seeking job interviews. The days scheduled for his interview were, unfortunately, incompatible with petitioner's other attempts at seeking employment. Petitioner's actions do not as a matter of law amount to a refusal to apply for any suitable work to which he was referred by the employment office.

Accordingly, the Board's order is reversed.

ORDER

AND NOW, July 31, 1986, the order of the Unemployment Compensation Board of Review, No. B-238159, dated February 20, 1985, is hereby reversed.