Horace W. Longacre, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Robert G. Bricker*, with him *Souder and Rosenberger*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 8, 1974:

The Pennsylvania Unemployment Compensation Board of Review in a decision dated May 5, 1972, granted claimant Wilma L. Westfall compensation benefits. Horace W. Longacre, Inc., her employer, appeals.

The pertinent facts gleaned from an unclear record present the following factual picture. Claimant worked

as a roll packer in Appellant's food processing plant. Immediately prior to a scheduled break, Lynn Richards, an assistant foreman, the Claimant and three other female employees engaged in a lively discussion about a particular work assignment. Richards shouted the assignment to the employees as they began their break and told them that if they did not like it, they "could go home." At this point, Richards grabbed Claimant's arm and told her the assignment included her. The Claimant then gratuitously advised Richards to: "Go to hell." Claimant was then told that her employment was terminated.

The Bureau of Employment Security and the Referee both denied benefits to the Claimant determining that her conduct amounted to "willful misconduct." The Unemployment Compensation Board of Review (Board) reversed the decision of the Referee.

In an unemployment compensation case, review by the Commonwealth Court in the absence of fraud is confined to questions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence and giving to the prevailing party the benefit of any favorable inferences which can reasonably and logically be drawn therefrom. *Dennis L. Marcantonio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 204, 309 A. 2d 462 (1973).

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides, in part, that an employee shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

The issue here is whether Claimant's conduct amounts to "willful misconduct," essentially a legal conclusion which this Court also may reach. *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972); *Quinn Unemployment Compensation Case,* 201 Pa. Superior Ct. 152, 191 A. 2d 714 (1963).

Although "willful misconduct" was not defined by the Legislature, it has been held to entail a willful and wanton disregard of the employer's interest, a deliberate violation of the rules, a disregard of standards of behavior an employer can rightfully expect from an employee or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).

Appellant argues that Claimant refused to perform an assigned task and this amounts to "willful misconduct." The facts simply do not show the refusal of an assignment by Claimant. As we read it, the assistant foreman told the Claimant and three other employees that additional work had to be done and as she walked away, he took Claimant's arm. It was then that she advised him to "Go to hell." Claimant was on a legitimate break at the time of the incident and she was fired after she offended her superior's sensibilities. Therefore, we do not find this to be a refusal to perform an assigned task.

Appellant also argues that Claimant's "abusive language" toward her superior amounts to "willful misconduct," citing *Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 300 A. 2d 310 (1973) and *Miller Unemployment Com-*

*pensation Case,* 196 Pa. Superior Ct. 393, 175 A. 2d 119 (1961) as authority for this position.

We agree that vulgarity and offensive language toward a superior can in some situations amount to "willful misconduct." However, we do not think the facts in this case dictate or warrant such a conclusion.

We think it significant that Claimant's remark came *after* he took her by the arm, in an apparent attempt to restrain her from walking to the lunch room for her break. Her offensive language was in response to what we believe to be improper and unpardonable indiscretion by an executive.

We do not think *Fields, supra,* or *Miller, supra,* require us to reach a different result. In *Fields, supra,* the vulgarity was ". . . unjustified, unprovoked, unnecessary and uncalled for under the circumstances."

In the first place, in the circumstances and the situation presented to us, we find it hard to believe that the language in issue was of such a vile, offensive or vulgar quality as to rise to the standards set in *Fields, supra,* or *Miller, supra.*

Secondly, there appears to be justification for her impulsive expletive.

In *Miller, supra,* in addition to offensive language, other conduct of that Claimant was introduced which indicated less than complete devotion to the service of his employer.

Far be it for us to suggest that vulgar and offensive language addressed a superior is not reprehensible and cannot be constituted "willful misconduct." However, as we have said in this instance, where there was provocation, and the offensive language must even be considered "de minimis" if scrutinized by even the most puritanical standard, we hold that the Board was correct in deciding that the Claimant was not guilty of "willful misconduct" and ordered her benefits.

## ORDER

AND NOW, this 8th day of March, 1974, the Order of the Pennsylvania Unemployment Compensation Board of Review dated May 5, 1972, is hereby affirmed.