Pamela Goins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1982, to President Judge CRUMLISH and Judges CRAIG and DOYLE, sitting as a panel of three.

*Linda C. Liechty,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 2, 1982:

In this unemployment compensation appeal by claimant Pamela Goins from a denial of benefits, the question is whether the claimant, discharged by a retail store for insubordination, was disqualified on the ground of willful misconduct because, as the Unemployment Compensation Board of Review found, when the store manager directed the claimant as a store detective to write up an incident report concerning her apprehension of a customer, the claimant told the store manager that "if the Goddamn report is done you'll have it. You're not going to do anything anyway, cause you can't fire me,'' and then left the store manager's office.

Vulgar language addressed to a superior can constitute willful misconduct unless there has been justifiable provocation and the language is de minimis. *Unemployment Compensation Board of Review v. Boff,* 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976). The claimant here, contending that her superiors had been harassing her because she had filed a workmen's compensation claim against the store, claims sufficient provocation on the basis that the manager, according to her testimony, made the demand five times while pounding his fist on his desk. However, as we held in *Boff,* determination of existence of justifiable provocation must be left to the sound discretion of the board, which can judge credibility and weigh the evidence. Here, although the board also found that the claimant did submit the report in a timely manner, the record provides us with no basis for overturning the board's conclusion that the claimant was guilty of unjustified insubordination when requested to follow a normal procedure.

The decision is affirmed.

ORDER

Now, June 2, 1982, the decision of the Unemployment Compensation Board of Review, No. B-188244, dated October 1, 1980, is affirmed.