Maxine M. Losch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

M. *Duke Pepper, Jr.,* with him *Paul D. Welch,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 16, 1983:

Maxine M. Losch (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which adopted a referee's findings and decision that she be denied benefits because of willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant was employed by the Nipple Convalescent Home as a nurse's aide for approximately one month. When hired she was informed that she would be working two weekends and would then be off for the third weekend. She was scheduled to be off on the weekend of September 19-20, 1981, and, before this date she asked her supervisor to be off the following weekend. This request was denied. The referee found, and the Board agreed, that her response to this denial was that the supervisor could "take your job and shove it up your a—." She was discharged for insubordination and using obscene language.

The claimant argues first that her rights to due process of the law were violated because the referee did not afford her the opportunity to elect to be represented by counsel at the hearing. *See Turner v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 489, 442 A.2d 1212 (1982); *Vitko*

*v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 391, 436 A.2d 1235 (1981). Our review of the record, however, indicates that the referee did inform her that she had the right to counsel but reveals neither any attempt on her part to avail herself of that right nor any explicit waiver thereof, although she did attempt cross-examination of the employer's witness without much success. After carefully reviewing the complete record, however, we do not believe that there was any prejudice to the claimant's case resulting from the referee's alleged failure to allow her counsel. *Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981); *Robinson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981).

The claimant argues next that the record does not support a determination of willful misconduct. Keeping in mind our scope of review, we have studied the findings below and believe them to be supported by substantial evidence in the record. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). The claimant herself admitted making the statement to her supervisor quoted above, but denied telling him where to shove it and, the Board was clearly justified in resolving this conflicting testimony in the employer's favor.

We have recognized that vulgarity addressed to and unprovoked by a superior, even in a single instance, may constitute willful misconduct. *Dodson v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 245, 437 A.2d 1080 (1981); *Unemployment Compensation Board of Review v. Boff,* 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976). So too may insubordination in general constitute willful misconduct. *Nesmith v. Unemployment Compen-*

*sation Board of Review,* 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979). And we believe that the claimant's conduct here warranted a conclusion that she had engaged in willful misconduct.

Additionally, we do not believe that the claimant's disappointment or displeasure with her employer's decision to refuse her request for a particular weekend off constituted such good cause as could excuse her conduct.

We will, therefore, affirm the Board's order.

### ORDER

AND Now, this 16th day of June, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.