Sara M. Kowal, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR., and CRAIG, sitting as a panel of three.

*Elliot A. Strokoff, Handler and Gerber, P.C.,* for petitioner.

*Michael Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 4, 1983:

Sara M. Kowal, a program monitor for the Susquehanna Employment and Training Corporation (SETCO) who, at a meeting in September of 1981, threw a writing tablet at her supervisor and told him, "I hate working here. Shove it up your ass," appeals from an Unemployment Compensation Board of Review order which affirmed a referee's denial of benefits on the ground of willful misconduct.

We must decide if the board failed to consider the issue of justifiable provocation, and if so, whether this case should be remanded for additional findings of fact.

Vulgar language addressed to a superior can constitute willful misconduct unless there has been justifiable provocation. *Goins v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 22, 445 A.2d 1339 (1982). Here, the claimant's outburst was insubordinate, as we recently held in *Losch v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 94, 461 A.2d 344 (1983) involving very similar language.

However, Mrs. Kowal submits that she was justified by provocation because SETCO's executive director, who admonished her and other employees to smile more and present a friendlier attitude, did so in an abusive manner. Specifically, Mrs. Kowal testified that he was "shouting and yelling and pointing." In-

deed, the executive director, who admitted to speaking "very loudly and very pointedly," testified that:

> I did say at that meeting that I guess what I am trying to do is to intimidate any of you to give me some feedback which I thought was a problem we were having within the monitoring division. I did say I guess I had been trying to intimidate you.

Other meeting attendees also testified that the executive director was screaming, speaking loudly, and pointing during the meeting.

The referee and the board, however, made no findings which settle the issue of provocation. Although the referee's finding states that the executive director "admonished" the employees, we cannot be sure that the referee meant to express the view that the director's actions merely constituted a proper admonition, rather than a sufficient provocation. In another finding, the referee observed that Mrs. Kowal "felt" that the executive director's "loud and challenging" voice tone was "personally humiliating and degrading." An appellate court cannot infer findings not actually made by the board or referee. *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 155, 415 A.2d 454, 455 (1980). For purposes of review, we need to know if the circumstances of the meeting were such that the executive director's treatment of Mrs. Kowal in fact justified her outburst.

Just as where the alleged misconduct involves a rule violation, the board should not only consider any justification presented by a claimant, but should also make findings of fact on the "crucial issue" of justification, as required by *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 24, 358 A.2d 739, 741 (1976), and our recent decision in *Fike v. Unemployment Compensation Board of*

*Review,* 77 Pa. Commonwealth Ct. 176, 465 A.2d 136 (1983). *Maikits v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 491, 456 A.2d 1157 (1983), requiring no findings on good cause where the facts do not indicate the issue, is not applicable here, where there are circumstances which might possibly constitute justification.

Hence, we must vacate the order of the board and remand this case for findings of fact on the issue of justifiable provocation.

### ORDER

Now, October 4, 1983, the order of the Unemployment Compensation Board of Review, No. B-205016, dated April 28, 1982, is vacated, and this case remanded for findings of fact on the issue of justifiable provocation.

Jurisdiction relinquished.