David G. Bivins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 5, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 24, 1984:

This is a claimant's appeal from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying the claimant unemployment compensation benefits on the ground that

his discharge was the result of his own willful misconduct.[1]

The claimant was employed as a mathematics teacher by the School District of Philadelphia from December 19, 1979 to April 20, 1981. On April 21, 1981 he was notified by letter that he was suspended without pay, effective immediately, and that the school district intended to pursue his dismissal due to unsatisfactory work performance.

On March 13, 1981, a disturbance occurred in the claimant's classroom which culminated in the claimant's striking a student in the face with his hand. At the hearing before the referee, the claimant testified that the student had refused to take his seat, used profane language and threw chairs at the claimant. The claimant testified that "in defense of myself I swung my hand and hit him in the eye."

The employer's witness, the principal of the junior high school where the claimant taught, testified to the conversation she had with the claimant. She stated that the claimant, after describing the student's bad behavior, told her that "I let him have it in the face." When asked whether the claimant admitted that he threatened to kill the student, she responded that "he said that he might have made that statement." The principal also testified that the student in question was fifteen years old, 5′ 3″ tall and weighed 105 pounds, and that the school district prohibited the use of corporal punishment by teachers. The claimant concedes that he knew of the rule.

The board made the following pertinent findings:

2. On March 13, 1981, the claimant deliberately struck a student, causing injury to the student, and as a result was ultimately discharged.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

646

3. The employer policy of which the claimant was aware prohibits the use of corporal punishment of any kind in the classroom.

The board concluded that the claimant's conduct was unreasonable and not justified by the circumstances and that it could not be excused as self-defense because the claimant failed to take actions other than assaulting the student.[2]

The claimant first complains that the board relied upon hearsay to support its finding that he deliberately struck the student because the referee, over the objection of counsel, permitted the principal to testify to her conversations with the student struck by the claimant and with two students who observed the incident. The referee also admitted into evidence, over objection, the handwritten statements of the same two students describing their versions of the incident.

We agree with the claimant that the evidence complained of was hearsay, and that having been objected to it should not have been admitted. See *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The error was harmless, however, because a written report made by the principal entitled "Unsatisfactory Rating Due to Unsatisfactory Incidents" was admitted without objection. This contained exactly the same evidence as that now complained of—accounts of her con-

---

[2] In this regard, the board made the following findings:

8. The claimant did not use the phone available to him in his classroom to call the office, allegedly because it was not working properly.

9. The claimant did not go out in the hallway to attempt to secure help nor did he shout out into the hallway for this purpose.

10. Non-teaching assistants patrol the school.

Additionally, the board noted in discussion that "if nothing else, there is no indication that the claimant could not have just left the room, i.e., retreated as it were."

versations with the student involved in the fracas and the two other students.

The claimant next asserts that the student's behavior was so bad that the claimant should not have been found to have been guilty of willful misconduct. The question of whether or not an employee's actions constitute willful misconduct is a question of law, subject to our review, and this determination must be made in light of all the circumstances, including the reasonableness of both the employer's expectations and the employee's conduct. If the employee's conduct was reasonable or justified under the circumstances, he cannot be said to have engaged in willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). The claimant's thesis was that he acted in self-defense and that there was no alternative to his striking the student. However, evidence of the student's size and age, and of the claimant's failure to seek assistance or otherwise avoid the confrontation, support the conclusion that his conduct was unreasonable.

The claimant finally contends that the incident of March 13, 1981, which occurred thirty-nine days before he was suspended, is too remote in time to be the basis of a determination of willful misconduct; and that the record shows that his dismissal was due to his superior's dissatisfaction with his work generally. We have held that an act constituting willful misconduct may not be the basis for a denial of unemployment compensation benefits if it is condoned or too remote in time from the discharge.[3] These principles are not however applicable here. In *Lower Gwynedd Township v. Unemployment Compensation Board of Re-*

---

[3] *See Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979) ; *Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636, 639, n. 2, 353 A.2d 88, 89 n. 2 (1976).

*view,* 44 Pa. Commonwealth Ct. 646, 404 A.2d 770 (1979), we held that although seven months elapsed between a police officer's misconduct and his suspension, the act of misconduct was not so remote as to preclude a conclusion that the suspension was based on the officer's misconduct, because the chief of police and township's governing body did not learn of it until seven months after the event, at which time they took prompt disciplinary action. Here, although the principal knew that the claimant had struck the student, she did not bring this to the attention of her superiors in the school district administration until more than a month later, at which time they took immediate action in the form of the letter of suspension with intent to dismiss.

Order affirmed.

### ORDER

AND Now, this 24th day of January, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.