Charles T. Brant, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 15, 1984, to Judges Mac-Phail, Barry and Blatt, sitting as a panel of three.

*James Bukac,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 27, 1984:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of the referee, denying unemployment benefits to petitioner Charles T. Brant.

The facts of this appeal are set forth in our opinion in *Swires v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 367, A.2d (1984). Following petitioner's discharge, the Office of Employment Security denied his application for benefits. Both the referee and the Board affirmed and this appeal followed.

Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides, "An employe shall be ineligible for compensation for any week . . . [i]n which his unemployment

is due to his discharge . . . for willful misconduct. . . ."
Although the Act does not define the term "willful misconduct", we have defined that term in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973), where we stated:

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

The burden of proving willful misconduct rests with the employer. *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Where, as here, the party with the burden of proof has prevailed before the fact finder, our review is limited to determining whether the necessary findings of fact are supported by substantial evidence or whether an error of law has been committed. *Palmer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 388, 449 A.2d 126 (1982).

Petitioner claims he did not engage in willful misconduct by refusing to follow his employer's order to unload and reload the truck before returning it to the employer's yard. In *Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979), we held that refusal to follow an employer's order will not amount to willful misconduct if the claimant had a valid justification for such refusal. Petitioner argues that valid justifica-

tion existed to allow him to refuse the employer's order.

When petitioner and Swires arrived at the Electralloy plant, they were informed by their employer that a load from Electralloy had to be delivered to Dayton, Ohio on the following Monday morning. Since the Electralloy plant was not open on weekends, petitioner's truck had to be unloaded and reloaded that afternoon to make a timely delivery in Dayton on Monday morning. The Board's finding of fact No. 8, which is supported by substantial evidence, states, "The time to unload and load the truck would be two hours." Although petitioner informed his employer he was too hungry and tired to complete the task, the employer told petitioner to do as he was told or he would be fired.

Petitioner advances two reasons which he believes to have validly justified his refusal. He first claims that he and Swires, when hired as a team, were allowed to choose the loads they would haul and the present refusal constituted only an exercise of the contract for hire. The Board, however, found that petitioner was not permitted to choose his loads. As this factual finding is supported by substantial evidence in the record, we must reject petitioner's argument on this point.

Petitioner also contends that following his employer's instructions would have required Swires and him to disobey federal regulations relating to drivers of tractor-trailers. At the hearing, petitioner pointed to the following two regulations which, in his view, would have been violated if he and Swires had done as instructed.

[N]o motor carrier shall permit or require any driver used by it to drive nor shall any such driver drive:

. . . .

(2) For any period after having been on duty 15 hours following 8 consecutive hours off duty.

(3) Exemption: Drivers using sleeper berth equipment . . . may accumulate the required 8 consecutive hours off duty resting in a sleeper in two separate periods totalling 8 hours, neither period to be less than two hours.

. . .

49 C.F.R. §395.3(a). And:

[n]o motor carrier shall permit or require any driver used by it to be on duty, nor shall any such driver be on duty . . . more than 70 hours in a period of 8 consecutive days.

49 C.F.R. §395.3(b). The Board, in finding of fact No. 6, stated, "[petitioner] had at least four and one-half hours remaining of the permissible 70 hour weekly on-duty time when he determined that he would not comply with the employer's order. He did not mention any shortage of hours in connection with his refusal when he spoke to the employer on June 16, 1982."[1] Since this finding is supported by substantial evidence, petitioner may not complain that Section 395.3(b) would have been violated, because the task of unloading and reloading the truck would have taken only two hours.

Petitioner claims, however, both he and Swires had only one-half hour of on-duty time remaining under Section 395.3(a); as that regulation prohibits any driving after fifteen hours of on-duty time, petitioner asserts that even driving for the five minutes necessary to reach the employer's yard would have violated the regulation in question since it would have taken

---

[1] The date used was obviously an error, as the remaining findings of fact use the correct July 16 date.

two hours to unload and reload the truck. Unfortunately, the Board made no factual findings which would allow us to review petitioner's allegation that valid justification existed for refusing to follow the employer's instructions.

The Board was of the opinion that Section 395.3(a) does not apply to situations involving a team of drivers. The applicable regulations, however, define "on-duty time" as, *inter alia,* "[a]ll time, other than driving time, in or upon any motor vehicle except time spent resting in a sleeper berth. . . ." 49 C.F.R. §395.-2(a)(4). Furthermore, the driver's daily log contains a line for "on duty not driving" time. 49 C.F.R. §395.-8(n). We, therefore, must reject the Board's contention that the regulation prohibiting any driving after fifteen hours on duty does not apply to a team of drivers.

The Board also states that time spent in the truck while a partner is driving cannot be classified as on duty time, arguing that such a definition lacks common sense. We express no viewpoint on the common sense of the regulations; suffice it to say that except for time spent resting in a sleeper berth, all other time spent in the truck, according to the regulations, constitutes on duty time. The Board's contention to the contrary is meritless.

We have no doubt that an employee has not engaged in willful misconduct by disobeying an employer's instructions which would require contravention of federal regulations. As already mentioned, however, we cannot review this point because the record contains no findings of fact relating to Section 395.3(a). We are unable to determine whether that regulation would have been violated if petitioner had followed his employer's instructions and a remand is, therefore, appropriate.

ORDER

Now, June 27, 1984, the order of the Unemployment Compensation Board of Review, dated December 7, 1982, at No. B-212571, is vacated and the matter is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.