512 A.2d 812

Sara M. Kowal, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

Elliot A. Strokoff, Handler, Gerber, Johnston, Strokoff & Cowden, for petitioner.

Samuel H. Lewis, Associate Counsel, with him, Paul E. Baker, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, July 25, 1986:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which reaffirmed its prior order affirming a referee's denial of benefits to the claimant, Sara M. Kowal (claimant).

After claimant appealed from the Board's initial decision, this Court, in an opinion by Judge CRAIG, remanded the case for findings on the issue of justifiable provocation for claimant's conduct.[1] That conduct had formed the basis of claimant's termination and the Board's subsequent denial of benefits on the grounds of willful misconduct. On remand, the Board found that claimant's conduct was not justifiable, and hence reaffirmed its earlier denial of benefits.[2] From that reaffirmation the claimant has again appealed.

---

[1] Kowal v. Unemployment Compensation Board of Review, 77 Pa. Commonwealth Ct. 378, 465 A.2d 1322 (1983) (Kowal I).

[2] That decision followed an intervening order of the Board which had, in an apparent bureaucratic slip, merely reaffirmed the prior decision without further consideration as directed by this Court. The claimant's Application for Summary Relief from that order was granted by the Court, which again remanded. Kowal v. Unemployment Compensation Board of Review, No. 749 C.D. 1984 (filed April 9, 1984). The Board then produced the decision presently under review.

The facts are undisputed. The claimant was employed with Susquehanna Employment and Training Corporation (employer) as a monitor of government-funded programs. At a meeting with the executive director of the employer, attended by claimant and two other such employees, tensions grew high as the executive director expounded in a loud and animated voice on various complaints regarding the employees' work attitude. The chief problem centered around the employees' alleged failure to smile enough at the office, though the executive director also covered apparently unrelated subjects in the course of the meeting.

There is no dispute but that the three employees were being severely harangued throughout the meeting. As noted in our earlier consideration, "meeting attendees . . . testified that the executive director was screaming, speaking loudly, and pointing during the meeting."[3] This conduct was, as explained by the executive director, undertaken in an attempt to "intimidate" the employees into giving "feedback." (N.T. at 5).

After responding to certain rhetorical questions, claimant was *directly* and repeatedly queried, in a loud voice, whether she liked her job. At this point claimant "threw a writing tablet at [him] and told him, 'I hate working here. Shove it up your ass[.]' ";[4] claimant then left the room. Although claimant attempted to resume her duties as usual the next day, she was fired for her outburst. A referee denied benefits and, as recounted above, the Board affirmed, concluding that the outburst was unattended by any justifiable provocation which would obviate a finding of willful misconduct. *See Goins v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 22, 445 A.2d 1339 (1982).

---

[3] *Kowal I,* 77 Pa. Commonwealth Ct. at 380, 465 A.2d at 1323.
[4] *Id.* at 379, 465 A.2d at 1322.

Determination of whether an employee's conduct constitutes willful misconduct is ultimately a question of law, subject to our review. *Bivins v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 643, 470 A.2d 662 (1984). And, calling to mind in addition that the burden is on the employer, who here has prevailed before the Board, our scope of review is limited to determining whether the Board's findings are supported by substantial evidence or whether an error of law has been committed. *Brant v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 373, 477 A.2d 596 (1984). Claimant maintains that the Board erred as a matter of law in concluding that there was no justifiable provocation for her outburst. We agree and thus reverse the Board.

The Board's conclusion in this regard was premised on its view that, because the other employees present at the meeting did not react in the same way, claimant's own behavior was *necessarily* unjustified:

> The other monitors present may have had the same opinion as to the Executive Director, but none of them reacted by throwing any objects at the Executive Director. Nor did they leave the room, curse or slam the door. Claimant's conduct in such a context is not justifiable, due to the fact the claimant was the only monitor to lose her composure under pressure.

*Board Decision* of 5/3/84, at 2. This conclusion, however, ignores the Board's own finding that, directly before the outburst, claimant had *personally* borne the brunt of the executive director's loud and aggressive meeting oratory:

> After claimant's criticism, the Executive Director asked the claimant, three times, whether she liked her job. After the third time, claimant

threw a tablet and pencil, cursed at the Executive Director, and walked out of his office. . . .

*Board Finding of Fact* No. 5. Testimony from the other meeting attendees supports this finding, as it does the claimant's assertion that this additional, directed abuse was carried out in the same intimidating fashion as was the meeting in general:

> [Employee Witmer]: [T]he tension was thriving . . . within me, largely because of the tone of voice and differen[t] non-verbal actions. At one point[,] I believe it was when [the executive director] pointed at Sally . . .[,][h]e stated that he didn't like her attitude and kind of leaned over his desk and pointed at her. I saw that as intimidating—not to me—but to someone else. That's when she stated . . . that she hated [her job] and she stood up and threw her yellow tablet . . . and told him to shove it up his ass.

N.T. at 11. *See also id.* at 10:

> [Employee Ulmer]: The executive director stated Sally said when ask[ed] if she like[d] the job, shit no. She did not say that.
>
> [The Referee]: What did she say?
>
> [Employee Ulmer]: She said no I hate it. And she stood up then and this is a personal feeling, and I said it at the end of that meeting, I definitely feel she was provoked.

*Id.*

We think that this individually-targeted aggression, coming as it did after forty-five minutes of harassment, constitutes justifiable provocation for claimant's reaction. We are, likewise, of the view that this harmless conduct, considered in context, was of a *de minimis* nature. The record is replete with evidence that animated behavior on the part of the executive director occurred with frequency, ostensibly as part of some sort of misconceived

management technique. In light of that occupational environment, the throwing of a tablet and uttering of an expletive must be considered innocuous. *Cf. Horace Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 180, 316 A.2d 110, 112 (1974) (*held,* justifiable provocation existed for expletives uttered by claimant after superior physically restrained claimant, and where court perceived offensive language as *de minimis*).

We find the Board's reasoning unpersuasive that justifiable provocation can be measured in the present case on an objective basis, when the immediately provocative conduct was directed personally at the claimant.

Reversed.

ORDER

Now, July 25, 1986, the order of the Unemployment Compensation Board of Review No. B-205016-C, dated May 3, 1984, is reversed.

Judge PALLADINO dissents.