638 A.2d 448

**Sonia ALLEN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 1993.

Decided Feb. 25, 1994.

Zenford A. Mitchell, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Sonia Allen (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision that granted benefits to Claimant. We affirm.

Claimant was employed as a data entry operator by Balboa Life and Casualty (Employer), beginning March 8, 1989 until her last day of work on December 18, 1992. The incident that led to Claimant's discharge arose following a request by the assistant supervisor that Claimant sit down in her seat at her data entry station. The parties gave conflicting testimony about what occurred next. Claimant states that she resumed her seat, but that the assistant supervisor entered the cubicle and continued to tell Claimant to sit down, although Claimant had already complied. Claimant alleges that after telling the assistant supervisor several times to leave her alone, she finally used an expletive that ended the confrontation. Meanwhile, Employer's explanation indicates that Claimant remained standing until the assistant supervisor entered the cubicle and again requested that Claimant sit down. Employer alleges that at that point Claimant did sit down, but exhibited unprovoked agitation and then uttered the profanity. Claimant was subsequently informed of her discharge.

The Office of Employment Security denied Claimant's application for unemployment benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] On appeal,

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which in pertinent part states:
   An employe shall be ineligible for compensation for any week—
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

the referee reversed, concluding that Claimant's verbal response was provoked by her assistant supervisor's actions.

Employer appealed to the Board, which, without taking any additional evidence, reversed, concluding that Claimant's use of profanity was unprovoked and, thus, constituted willful misconduct. The Board's pertinent findings of fact are as follows:

2. On July 16, 1992 Employer prepared a memorandum regarding an incident of claimant making an insubordinate remark to her assistant supervisor. The memorandum warned that any further actions of this nature could result in discharge.

3. Claimant signed this memorandum.

4. On December 17th [1992] the assistant supervisor went into claimant's cubicle and asked her to sit down. Claimant sat down but told assistant supervisor "to get the fuck out of her face."

5. The assistant supervisor reported the incident to the supervisor who met with the claimant and assistant supervisor. Claimant admitted to making the remark and said she was not in a good mood, she was having a bad day. The supervisor advised claimant that the incident would have to be referred to the manager who was not in that day.

6. On December 22nd, claimant was discharged for insubordination and use of profanity.

(Record, Item No. 13, p. 1.) The Board, in the discussion portion of its decision, then stated that it "does not find any evidence in the testimony that the assistant supervisor's actions were sufficient provocation for claimant's vulgarity." (R., Item No. 13, p. 2.)

On appeal to this Court,[2] Claimant argues that the Board erred in concluding that Employer met its burden of proving

2. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Pennsylvania Power Co. v. Unemploy-*

that Claimant committed willful misconduct [3] and in not finding that Claimant was justifiably provoked by her assistant supervisor. Although Claimant recognizes that whether her actions constitute willful misconduct is a question of law and subject to our review, *Heins v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987), Claimant actually argues that substantial evidence supports the referee's findings of fact and not the Board's.

When the Board makes its own findings of fact, it is the Board's findings, not the referee's, that are subject to our review. *Viglino v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 616, 525 A.2d 450 (1987). The Board is the ultimate fact-finding body in unemployment matters and is empowered to resolve conflicts in evidence, to determine what weight is to be accorded the evidence, and to determine the credibility of witnesses. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

The Board found that Claimant made an unprovoked obscene remark to a superior which constituted insubordination. The Board also found that Claimant had previously been warned that this type of behavior could result in discharge. Although a review of the record reveals contradictory testimony concerning the incident, the testimony of Employer's witnesses support the Board's findings of fact.[4] Our role is not to

ment *Compensation Board of Review,* 135 Pa.Commonwealth Ct. 157, 579 A.2d 1030 (1990).

3. While the Law does not define the term "willful misconduct," numerous decisions by this Court have defined it as:

(1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employer's duties and obligations.

*Sheetz v. Unemployment Compensation Board of Review,* 134 Pa.Commonwealth Ct. 353, 358, 578 A.2d 621, 623–24 (1990).

4. Claimant contends that the question whether or not she was sitting down when the assistant supervisor entered her cubicle is crucial to the determination of provocation. She states that there is no evidence in

reweigh the evidence or to determine the credibility of the witnesses. *Id.*

Claimant cites *Kowal v. Unemployment Compensation Board of Review,* 99 Pa.Commonwealth Ct. 234, 512 A.2d 812 (1986) and *Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa.Commonwealth Ct. 176, 316 A.2d 110 (1974), for the proposition that vulgar and offensive language addressed to a superior will not constitute willful misconduct where it is provoked. In *Longacre* the court held that the provocation justified the use of expletives after the claimant was physically restrained by the supervisor. The *Longacre* court also perceived the offensive language as *de minimis,* when examined in context. In *Kowal* the claimant's language was also deemed *de minimis,* coming as it did after forty-five minutes of harassment by a superior.

Claimant then attempts to compare the facts in *Longacre* and *Kowal* with the incident at issue here; however, Claimant's provocation argument is not persuasive. The actions by Claimant's assistant supervisor do not rise to the level of the behavior exhibited by the claimants' superiors in *Longacre* and in *Kowal.*

[T]his Court has held that abusive language directed at a supervisor ... evidences a disregard of the standard of behavior that an employer expects of an employee. *Nesmith v. Unemployment Compensation Board of Review,* 43 Pa.Commonwealth Ct. 579, 402 A.2d 1132 (1979). Even a single instance of vulgarity addressed to and unprovoked by a supervisor may support a finding of willful misconduct.

the record indicating that she was still standing at the time she was approached, thus, no evidence to support the Board's Finding of Fact 4. The following testimony belies Claimant's contention:

CL  Which mean [sic] you came from her, your desk to where she was working in her cubicle and asked her to stay in her seat?
EW2  Yes, because she could not hear me from mine.
CL  Okay, was she standing at that time?
EW2  Yes, when I came over.

(R., Item No. 10, p. 25.)

*Losch v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 94, 461 A.2d 344 (1983).

*Viglino,* 105 Pa.Commonwealth Ct. at 621, 525 A.2d at 453.

We have examined the language used "to determine whether it is, in modern parlance, abusive, vulgar or offensive. If the language is found to fit within one of these categories, it will constitute willful misconduct unless provoked or *de minimis.* " *Cundiff v. Unemployment Compensation Board of Review,* 88 Pa.Commonwealth Ct. 272, 276, 489 A.2d 948, 951 (1985).

Applying this standard set out in *Cundiff,* we conclude that Claimant's language was unreasonable under the circumstances; it was vulgar and offensive and was neither provoked nor *de minimis.* Therefore, we hold that the Board correctly denied benefits to Claimant, because Employer carried its burden, proving that Claimant willfully disregarded the standard of conduct that Employer had a right to expect. The order of the Board is affirmed.

### ORDER

NOW, February 25, 1994, the order of the Unemployment Compensation Board of Review, dated June 8, 1993, at No. B–313061, is affirmed.

FRIEDMAN, J., concurs in result only.