**Nichole ARNOLD, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 1997.

Decided Dec. 4, 1997.

Stephen J. Giunta, Towanda, for petitioner.

Sarah C. Yerger, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY,[1] Judge.

Nichole Arnold (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) af-

firming the decision of the referee denying her unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[2] for willful misconduct. We reverse.

The facts of this case are not in dispute. Claimant was employed as a part-time crew person at Wendy's, a fast food franchise owned by the Wenbling Corporation (Employer). On November 7, 1996, at approximately 7:30 p.m., Claimant had finished working her shift, clocked out, and decided to stay at the restaurant to eat with a co-worker. She remained dressed in part of her company uniform identifying her as a Wendy's employee.[3] Claimant's manager asked her if she would run an errand for her as a favor[4] and Claimant agreed to do it when she finished eating.

After finishing her meal around 8:30 p.m. and upon exiting the restaurant with her co-worker to run the errand, she and her co-worker were almost struck by a car driven by a customer who was driving in the restaurant's drive-thru lane. The customer stopped in time, and as he began driving away, Claimant stated to her co-worker, "What an asshole." The customer heard this comment and went inside the restaurant to report it to Claimant's manager. Claimant was subsequently discharged by her manager for calling the customer a vulgar name.

Following her discharge, Claimant applied for unemployment compensation benefits which were denied by the Office of Employment Security under Section 402(e) of the Law for willful misconduct.[5] Claimant

---

her burden of proof in regard to her reinstatement petition.

1. This case was reassigned to the authoring judge on September 4, 1997.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides:

    An employee shall be ineligible for compensation for any week—

    (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

3. The Wendy's uniform consists of a striped shirt, a visor, an apron and a name tag given to the

employees by the Employer. The employees provide their own navy blue or black pants. Claimant had removed her visor and apron, but was still wearing the striped shirt.

4. The manager asked Claimant to drop off an order from Wendy's to a customer's house who had gone through the drive-thru but had been given the wrong order.

5. Willful misconduct is an act of wanton or willful disregard for the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Ken-*

appealed and after a hearing was held, the referee also denied her benefits on the basis that she admitted the incident took place, and that conduct showed a reckless disregard for the Employer's best interests. Claimant filed an appeal with the Board which affirmed the referee's decision because Claimant had not provided an adequate justification for her actions. This appeal by Claimant followed.[6]

■ Claimant contends that the Board erred in finding that her conduct rose to the level of willful misconduct because she only made the vulgar remark after she had been sufficiently provoked when nearly hit by the customer's car. We agree and are guided by our holdings in *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa.Cmwlth. 176, 316 A.2d 110 (1974) and *Kowal v. Unemployment Compensation Board of Review*, 99 Pa.Cmwlth. 234, 512 A.2d 812 (1986). In those cases this court held that offensive language directed by an employee to an employer, if sufficiently provoked or *de minimis*, will not constitute willful misconduct. We agree with the Claimant that the same rationale should apply in this case where her use of offensive language, *de minimis* in nature, was provoked by the actions of a customer.

In *Longacre*, we found that an employee had been sufficiently provoked and not guilty of willful misconduct when she told her supervisor to "go to hell" after the supervisor took her by the arm in an attempt to restrain her from going on a break. Similarly, in *Kowal*, we held that an employee was not guilty of willful misconduct where a supervisor had harangued and intimidated an employee throughout a meeting and she told the supervisor, "I hate working here. Shove it up your ass." In both of those cases, this court found that the claimants were provoked by their supervisors and that the language used by them was de minimis. Although this case involves provocative behavior by a customer rather than a supervisor, we are none-theless guided by our decisions in those cases.

In this case, Claimant instinctively reacted to almost being hit by a car. Like the individuals in *Longacre* and *Kowal*, Claimant's actions arose after having been sufficiently provoked. Whether or not the customer intentionally tried to harm Claimant is irrelevant. Claimant instinctively responded to a life-threatening situation.

Additionally, Claimant's comment was not directed at the customer. Rather, she directed the comment to her colleague. There is nothing in the record to indicate that Claimant voiced her comment in such a tone by which she intended that the customer would overhear it. Although her statement was unsavory, it was *de minimis* and not directed at the customer but to her friend.

Under the circumstances of this case, we conclude that Claimant's conduct did not amount to willful misconduct. Accordingly, the decision of the Board is reversed.

### ORDER

NOW, December 4, 1997, the order of the Unemployment Compensation Board of Review at No. B–359012, dated February 27, 1997, is reversed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent from the majority decision because Claimant's vulgar comment made to a co-worker about a customer within his earshot constituted willful misconduct.

It is not disputed that Claimant was almost hit by a customer's car exiting the drive-thru lane of Wendy's. However, the majority incorrectly finds that such conduct by the customer was sufficient provocation for Claimant's vulgar comment—"What an asshole"—because she was instinctively responding to a life-threatening situation. The majority relies on *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12

---

*tucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Cmwlth. 90, 309 A.2d 165 (1973).

**6.** Our scope of review of a decision of the Board is limited to determining whether constitutional rights have been violated, errors of law committed, or whether findings of fact are supported by substantial evidence. *Phoebus v. Unemployment Compensation Board of Review*, 132 Pa.Cmwlth. 518, 573 A.2d 649 (1990).

Pa.Cmwlth. 176, 316 A.2d 110 (1974), and *Kowal v. Unemployment Compensation Board of Review,* 99 Pa.Cmwlth. 234, 512 A.2d 812 (1986), cases in which employees were provoked by their employers to the point where they made vulgar remarks directed at their employers.

In *Longacre,* we found that an employee had been sufficiently provoked and not guilty of willful misconduct when she told her supervisor "go to hell" after the supervisor took her by the arm in an attempt to restrain her from going on a break. Similarly, in *Kowal,* we held that an employee was not guilty of willful misconduct where a supervisor had harangued and intimidated an employee throughout a meeting and she told the supervisor, "I hate working here. Shove it up your ass." Both of those cases, however, are inapposite to the situation here. What was at issue in those cases was employees' comments which were insubordinate but were excused by the conduct of the employers who were found to be abusive.

Rather than involving a question of whether the insubordination was justified, this case involves an employee's conduct that harms the employer's economic interest without any abuse provoking the behavior. Unlike the other situations where the employers seemed to be encouraging a confrontation with their employees, there was no evidence presented that the customer intentionally tried to hit Claimant with his car in order to provoke her into a confrontation. Claimant's vulgar comment, even as an aside to her co-worker, once heard by the customer, constituted willful misconduct. While Claimant argues that her comment did not damage Wendy's economic interests because it did not prove any economic detriment or damage caused by her remark, such language, when directed to the Employer's customers, discourages continued patronage. Because Claimant's behavior showed a disregard of her Employer's interests, her conduct amounted to willful misconduct.[1]

Accordingly, I dissent and would affirm the trial court.

---

1. Claimant also argues that she is not guilty of willful misconduct because she was off-duty at the time the incident occurred. However, this court has held that there is no requirement that the willful misconduct must occur while the employee is on duty. *See Williams v. Unemployment Compensation Board of Review,* 141 Pa. Cmwlth. 667, 596 A.2d 1191 (1991); *Semon v. Unemployment Compensation Board of Review,* 53 Pa.Cmwlth. 501, 417 A.2d 1343 (1980).