IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tammy L. Hughes,                    :
                                    : No. 2082 C.D. 2015
                    Petitioner      : Submitted: May 20, 2016
                                    :
          v.                        :
                                    :
Unemployment Compensation           :
Board of Review,                    :
                                    :
                    Respondent      :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 4, 2016


          Tammy L. Hughes (Claimant) petitions for review of the order of the

Unemployment Compensation Board of Review (Board), which held that Claimant

was ineligible for benefits under Section 402(e) of the Unemployment

Compensation Law (Law).[1]  We affirm.

          Claimant was employed full-time by UPMC Altoona (Employer) for

approximately 12 years as a surgical technician earning $21.22 per hour; she was

discharged on May 6, 2015.  The local service center determined that Claimant was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S.
§802(e).  Section 402(e) provides that an employee shall be ineligible for compensation for any
week in which her unemployment is due to willful misconduct connected with her work.

ineligible for benefits under Section 402(e) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, Employer offered the testimony of its human resource manager (HR Manager), acting charge nurse (Acting Charge Nurse), and charge nurse (Charge Nurse). Claimant offered her own testimony and the testimony of a co-worker (Co-worker). Reproduced Record (R.R.) at 1a-58a. Based on the evidence presented, the referee determined that Claimant's conduct and use of profanity directed towards a supervisor was disrespectful and inappropriate and constituted disqualifying willful misconduct. Referee's Opinion, 7/2/15, at 1-3.

Claimant appealed to the Board,[2] arguing that the referee erred in concluding that Employer had an existing, reasonable rule that Claimant knowingly violated. Alternatively, Claimant argued that she established good cause and that her actions were justifiable and reasonable under the circumstances. Adopting the referee's decision, the Board affirmed and found the following.

Employer periodically allowed operating room (OR) surgical technicians to leave work early by signing up on a list when their work was complete and the cases were chosen for the next day. Referee's Opinion, Finding of Fact (F.F.) No. 2. On May 4, 2015, Claimant signed up and asked to leave early. F.F. No. 3. Claimant had spent the preceding days with her hospitalized

---

[2] In unemployment proceedings, the Board is the ultimate fact-finder and is empowered to determine the credibility of witnesses and to resolve all conflicts in evidence. *Wise v. Unemployment Compensation Board of Review,* 111 A.3d 1256, 1261-62 (Pa. Cmwlth. 2015). Its findings are conclusive and binding on appeal where they are supported by substantial evidence. *Dumberth v. Unemployment Compensation Board of Review,* 837 A.2d 678, 681 (Pa. Cmwlth. 2003). The critical inquiry is whether there is evidence to support the findings actually made by the Board, and not whether the record contains evidence to support findings other than those made. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review,* 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

2

aunt, and Claimant did not inform Acting Charge Nurse that she wished to leave early due to her aunt's death. F.F. Nos. 5, 7, 9. After Claimant completed her work assignments, she approached Acting Charge Nurse about leaving early. Acting Charge Nurse said she would let Claimant know if she could leave early after the work assignments were completed and the cases picked for the next day. F.F. Nos. 6, 8, 10. In a loud tone of voice, Claimant questioned why another employee was already permitted to leave early and she was not, adding that she was documenting the issue. F.F. Nos. 11, 12, 14. Acting Charge Nurse responded that they could discuss the issue in the office. F.F. No. 13.

Later, Claimant used profanity and a loud voice in the central supply area and she requested to speak with Charge Nurse. F.F. Nos. 15, 16. Specifically, Claimant said "this is a bunch of bullsh--." F.F. No. 15. Thereafter, Acting Charge Nurse spoke with Charge Nurse about Claimant's use of profanity and behavior. F.F. No. 17.

In an entirely separate incident, a nurse used profanity and a loud tone of voice directed to Co-worker. F.F. No. 19. Co-worker reported the situation, and the nurse later apologized. F.F. No. 20. Co-worker was later asked by management if she was satisfied with the handling of the situation, and she said that she was. F.F. No. 21.

Claimant was discharged for inappropriate and unprofessional behavior, and she was not given the opportunity to apologize to Acting Charge Nurse. F.F. Nos. 22, 23. Claimant had previously received a three-day suspension for disrespectful, inappropriate, and unprofessional behavior in December 2014, and was warned that future instances of similar behavior could result in discharge. F.F. No. 18.

3

In addition to these findings, the Board noted[3] that while Claimant established that a nurse was permitted to apologize for using profanity and Claimant was not, she offered no competent evidence demonstrating that the nurse had a prior history of similar conduct for which she received prior discipline. Referee's Opinion at 3. Thus, the Board held that Employer met its burden of proving that Claimant was discharged for willful misconduct. Referee's Opinion at 2. The Board specifically added that Claimant's language and behavior were inappropriate and unprovoked. Board's Opinion, 8/24/15, at 1.

On appeal,[4] Claimant argues she that had good cause for her actions because she was provoked by Employer and her response was *de minimis* in nature. Claimant also argues that Employer disparately enforced a work rule prohibiting the use of profanity against Claimant when other similarly-situated employees violated the policy without similar consequences.

Pursuant to Section 402(e) of the Law, an employer bears the burden of proving willful misconduct. *Walsh v. Unemployment Compensation Board of Review,* 943 A.2d 363, 368 (Pa. Cmwlth. 2008). Although the Law does not define willful misconduct, our courts have defined the term as:

> a) wanton or willful disregard for an employer's interests; b) deliberate violation of an employer's

---

[3] The Board specifically adopted and incorporated the referee's findings and conclusions.

[4] Whether a claimant's conduct constitutes willful misconduct is a question of law reviewable by this Court. *Lee Hospital v. Unemployment Compensation Board of Review,* 589 A.2d 297, 299 (Pa. Cmwlth. 1991). Our scope of review is limited to determining whether the Board committed an error of law, violated constitutional rights, or made findings of fact unsupported by substantial evidence. *Emery Worldwide v. Unemployment Compensation Board of Review,* 540 A.2d 988, 989 n.2 (Pa. Cmwlth. 1988). "Substantial evidence is such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

4

> rules; c) disregard for standards of behavior which an employer can rightfully expect of an employee; or d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Navickas v. Unemployment Compensation Review Board,* 787 A.2d 284, 288 (Pa. 2001).

"When an employee is discharged for violating a work rule, the employer must prove the existence of the work rule, the reasonableness of the rule, the claimant's awareness of the rule, and the fact of its violation." *Adams v. Unemployment Compensation Board of Review,* 56 A.3d 76, 79 (Pa. Cmwlth. 2012). Moreover, it has long been held that insubordination and use of abusive language directed at one's supervisor are the types of conduct that demonstrate a disregard of the standards of behavior that an employer has a right to expect of an employee. *Nesmith v. Unemployment Compensation Board of Review,* 402 A.2d 1132, 1133 (Pa. Cmwlth. 1979). "Even a single instance of vulgarity addressed to and unprovoked by a supervisor may support a finding of willful misconduct." *Viglino v. Unemployment Compensation Board of Review,* 525 A.2d 450, 453 (Pa. Cmwlth. 1987).

Once the employer satisfies its initial burden, "the burden of proof shifts to the employee to prove that she had good cause for her actions." *Chapman v. Unemployment Compensation Board of Review,* 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Good cause is established where the employee demonstrates that her actions were "justified or reasonable under the circumstances." *Id.* Offensive language directed to an employer by an employee may be justifiable if it was provoked by the employer and the employee's response was *de minimis* in nature.

*Kowal v. Unemployment Compensation Board of Review,* 512 A.2d 812, 814 (Pa. Cmwlth. 1986).

In *Allen v. Unemployment Compensation Board of Review,* 638 A.2d 448 (Pa. Cmwlth. 1994), a claimant working as a data entry operator told her assistant supervisor to leave her alone and used an expletive after she was directed to sit down in her cubicle. The employer discharged the claimant for insubordination and the use of profanity. The Board found that the claimant made an unprovoked obscene comment to a superior, which constituted insubordination, and that the claimant had previously been warned that this type of behavior could result in discharge. We affirmed the Board's holding that the claimant's language was vulgar, offensive and unprovoked, and rendered the claimant ineligible for benefits under Section 402(e) of the Law. *Id.* at 451.

In *Losch v. Unemployment Compensation Board of Review,* 461 A.2d 344, 345 (Pa. Cmwlth. 1983), a claimant working as a nurse's aide requested the weekend off and was denied. When she responded "take your job and shove it up your a--" to her supervisor, she was discharged for insubordination and using obscene language. The Board affirmed the referee's determination that she was ineligible for benefits due to willful misconduct. In affirming the Board, we stated that "we do not believe that the claimant's disappointment or displeasure with her employer's decision to refuse her request for a particular weekend off constituted such good cause as could excuse her conduct." *Id.* at 346.

In *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 316 A.2d 110, 110-111 (Pa. Cmwlth. 1974), a claimant working as a roll packer in a food processing plant told her assistant foreman to "[g]o to hell" after the foreman grabbed her arm as she left for a scheduled break and informed

6

her that additional work needed to be done. We affirmed the Board's determination that the claimant's actions did not constitute willful misconduct, finding that the claimant's offensive language was a *de minimis* response to the foreman's provocation and "unpardonable indiscretion[.]" *Id.* at 112.

Here, the Board determined that Employer discharged Claimant for inappropriate language and disrespectful behavior that was not provoked. Board's Opinion at 1. The facts found by the Board are similar to those in *Allen* and *Losch*. Applying those decisions, we conclude that the Board did not err in holding that Claimant's conduct and vulgar language constituted willful misconduct.

Next, we turn to Claimant's disparate treatment defense. "The essence of disparate treatment is that similarly situated people are treated differently based upon an improper criterion." *American Racing Equipment, Inc. v. Unemployment Compensation Board of Review,* 601 A.2d 480, 482 (Pa. Cmwlth. 1991). We have explained:

> Disparate treatment is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits if he can make an initial showing that: (1) the employer discharged claimant, but did not discharge other employees who engaged in similar conduct; (2) the claimant was similarly situated to the other employees who were not discharged; and (3) the employer discharged the claimant based upon an improper criterion.

*Geisinger Health Plan v. Unemployment Compensation Board of Review,* 964 A.2d 970, 974 (Pa. Cmwlth. 2009). Only if the claimant proves these elements, does the burden shift to the employer to demonstrate that it had a proper reason for discharging a claimant. *Id.*

7

In *Electric Material Co. v. Unemployment Compensation Board of Review,* 664 A.2d 1112, 1113 (Pa. Cmwlth. 1995), the employer asked its employees to work overtime in order to complete a project required for the next day's production. The claimant and another co-worker refused and left the premises; the claimant was discharged and the co-worker was disciplined but not discharged. The claimant filed for unemployment compensation and the local service center granted benefits. Finding that the claimant's actions constituted willful misconduct, a referee reversed. Thereafter, the Board reversed, holding that the claimant was subjected to disparate treatment because he was discharged and the co-worker was not. The employer appealed to this Court, arguing that the Board failed to consider the difference between the employees' work records. The claimant had worked for the employer for eighteen months and had a history of behavior warnings. The co-worker, on the other hand, had worked for the employer for twenty-five years and had an exemplary record. We reversed the Board and held that the claimant and the co-worker "were not similarly situated because of their differing work records" and that the employer did not base the discharge on any improper criteria such as unlawful discrimination. *Id.* at 1115.

Here, the Board determined that Claimant was not similarly situated to other employees who were not discharged for similar conduct, reasoning that while Claimant presented testimony indicating that a nurse was permitted to apologize for using profanity, she offered no competent evidence to indicate that the nurse had a prior history of discipline for similar conduct. Referee's Opinion at 3. Meanwhile, Claimant had a past history of work discipline, including suspension, for similar disrespectful and inappropriate conduct. Referee's Opinion

8

at 3. We agree with the Board that Claimant did not meet her burden to prove disparate treatment.

We discern no error in the Board's determination that Claimant was discharged due to willful misconduct, did not establish good cause for her actions, and did not establish that similarly situated employees were treated differently based upon an improper criterion.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tammy L. Hughes,            :
                                    : No. 2082 C.D. 2015
                Petitioner    :
                                    :
           v.                  :
                                    :
Unemployment Compensation   :
Board of Review,           :
                                  :
             Respondent   :

O R D E R

AND NOW, this 4th day of August, 2016, the order of the Unemployment Compensation Board of Review, dated August 24, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge