589 A.2d 297

**LEE HOSPITAL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 1, 1991.

Decided April 8, 1991.

Walter P. DeForest, with him, Brooke Bashore–Smith, Reed, Smith, Shaw & McClay, Pittsburgh, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Robert S. Brierton, Williams and Brierton, Johnstown, for intervenor, Ruthanne Lyon.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Lee Hospital (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which reversed the decision of the referee who denied unemployment compensation benefits to Ruthanne Lyon (Lyon) under Section 402(e) of the Unemployment Compensation Law [1] (Act). We reverse the Board.

Lyon worked for Employer as a licensed practical nurse from June 9, 1988 until she was terminated on May 2, 1990. The Employer terminated Lyon for excessive absenteeism. Lyon had been verbally warned in March of 1989 and had received written warnings in February, June and September of 1989 regarding absence from work. In January of 1990, a three day suspension was imposed upon Lyon again due to absenteeism. This suspension notice informed Lyon that further absenteeism would result in her termination.

On April 27, 1990, Lyon requested off on April 28 and 29, 1990, her scheduled weekend work shift, to study for an upcoming nursing exam. [2] When her request was denied, Lyon wrote a note to Employer explaining the reason for her request and left the note in the nurse's office. Lyon did not report for work on April 28 or April 29, 1990. A few days later Lyon was called in to the nursing supervisor's office and was terminated. Lyon subsequently applied for

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Lyon was taking classes to get an associate degree in nursing.

unemployment compensation and was determined to be ineligible for benefits by both the Office of Employment Security and the referee. On appeal, the Board reversed the determination of ineligibility on the basis that because the Employer had "similarly allowed time off work to other nurses who had to prepare for their final examination," Lyon's absence from work did not constitute willful misconduct.

The only issue presently before us for consideration is whether Lyon's action constituted willful misconduct.[3] Such a consideration is a question of law properly reviewable by this Court. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 238, 523 A.2d 1202 (1987).

Willful misconduct is not defined under the Act. However, it has been interpreted to mean an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Giglio v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 471, 560 A.2d 271 (1989); *PMA Reinsurance Corp. v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 94, 558 A.2d 623 (1989).

While we are cognizant of the premise that the Board is the ultimate finder of fact in unemployment compensation cases,[4] we also are aware that findings by the Board are conclusive on appeal only if they are supported

3. Our scope of review of Board determinations is limited to determining whether the Board committed an error of law, violated constitutional rights, or made findings of fact which are unsupported by substantial evidence. *Emery Worldwide v. Unemployment Compensation Board of Review*, 115 Pa.Commonwealth Ct. 554, 540 A.2d 988 (1988).

4. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985).

by substantial evidence from the record as a whole. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). Looking at the record "as a whole" reveals testimony by Lyon who stated "there's another girl on our floor who had a very similar thing happen to her and she went in and requested two days off a week for several weeks to prepare for exams ... and she got that time off with just about the same amount of notice I was giving them." R.R. at 15a. Employer objected to this testimony on the basis of hearsay. The referee noted the objection and denied benefits.

The Board, however, relied upon the hearsay testimony and found as a fact that Employer allowed "nurses" time off work to prepare for examinations. Other than the one nurse referenced in Lyon's hearsay statement, no other evidence is revealed in the record that any other "nurses" were allowed time off by Employer to study for examinations.[5] Hence, the only evidence supporting the Board's finding and ultimate determination was Lyon's hearsay testimony.

As has previously been determined by this Court, hearsay evidence, properly objected to, is not competent to support a finding in an agency determination. *Burks v. Department of Public Welfare*, 48 Pa.Commonwealth Ct. 6, 408 A.2d 912 (1979). Furthermore, we have recently stated that objected to hearsay evidence cannot be corroborated with unobjected to hearsay evidence. *Fairfield Township Volunteer Fire Company v. Human Relations Commission*, 133 Pa.Commonwealth Ct. 45, 575 A.2d 152 (1990). Without reliance upon the hearsay testimony, there is insufficient evidence in the record to support the Board's determination that "[s]ince similar leave of absences were granted to other nurses who had to study for their nursing examinations, the claimant's absences, precipitating her dis-

5. Because the referee noted but did not rule upon Employer's hearsay objection, the Employer attempted to explain the circumstances of allowing time off to the nurse referenced by Lyon. Had the Employer's objection been sustained, as it should have been, such an explanation would not have been necessary.

charge, did not constitute willful misconduct within the meaning of Section 402(e) of the Law."

What then remains in the record is undisputed evidence of Lyon's history of excessive absenteeism, documented verbal and written warnings, and a willful refusal to work a scheduled weekend shift. Numerous decisions of this Court indicate a finding of willful misconduct under such circumstances. *Negron v. Unemployment Compensation Board of Review*, 85 Pa.Commonwealth Ct. 137, 481 A.2d 699 (1984); *Jimenez v. Unemployment Compensation Board of Review*, 53 Pa.Commonwealth Ct. 434, 417 A.2d 870 (1980); *Smiley v. Unemployment Compensation Board of Review*, 34 Pa.Commonwealth Ct. 382, 383 A.2d 985 (1978).

■ Indeed, we have found in the past that an employee's refusal to come to work, standing alone, equates to willful misconduct. *Richardson v. Unemployment Compensation Board of Review*, 58 Pa.Commonwealth Ct. 160, 427 A.2d 734 (1981). A different finding is not warranted under this fact scenario.

### ORDER

AND NOW, this 8th day of April, 1991, the order of the Unemployment Compensation Board of Review is reversed.