IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emanuela Harting,           :
              Petitioner    :
                                    :
              v.            :
                                    :
Unemployment Compensation   :
Board of Review,            :  No. 101 C.D. 2014
              Respondent    :  Submitted: July 25, 2014

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY              FILED: August 12, 2014

Emanuela Harting (Claimant) challenges the order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts, as found by the Board, are as follows:

1. The claimant was last employed as a nursing supervisor by Home Health Specialists, Inc. from November 27, 2012, at a final rate of $29.92 per hour and her last day of work was August 16, 2013.

2. In April of 2013, the director met with the claimant regarding the claimant's annual performance evaluation and counseled the claimant about her negativity in the workplace.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

3.  On August 14, 2013, the director issued a written warning to the claimant for disruptive and negative behavior in the workplace, and the claimant refused to sign the warning.

4.  On August 16, 2013, the director met with the claimant in the director's office, and the claimant stated, 'If this is another one of your counseling sessions I'm not sitting through it.'

5.  The director told the claimant that she needed to speak to the claimant about her behavior in the workplace, and the claimant stated, 'I don't have to listen to you, if you have a problem with it, fire me.'

6.  The claimant then left the director's office, at which time the director called the controller to the office to discuss the incident.

7.  As the director was speaking to the controller, the claimant came into the director's office and said, 'So, are you firing me now?'

8.  When the director requested once again to speak with the claimant in her office, the claimant said, 'No, I am not listening to you.  So, are you firing me?'

9.  The director told the claimant to excuse herself from the office, and the claimant complied.

10.  Subsequently, the director went to the claimant's work area and asked the claimant if she was willing to talk to the director.

11.  The claimant once again refused to talk to the director, and the director discharged the claimant on August 16, 2013, for insubordination.

Board Opinion, January 8, 2014, (Opinion), Findings of Fact Nos. 1-11 at 1-2.

The Board determined:

The director credibly established that she attempted to speak to the claimant several times on August 16, 2013, regarding the claimant's behavior in the workplace, and the claimant refused to speak to her. The claimant told the director she did not have to listen to her and requested to be fired. The director's request to speak with the claimant was reasonable.

The claimant denies refusing the director's request to speak with her on August 16, 2013, and testified that the director told her she was discharged for interfering with the director's job description. The Board does not find the claimant's testimony to be credible. The claimant has failed to credibly establish good cause for refusing to speak to the director on August 16, 2013. . . .

Opinion at 2.

Claimant contends that the Board's findings of fact were unsupported by substantial evidence and that the Board erred when it determined that she engaged in willful misconduct.[2]

Initially, Claimant contends that Finding of Fact No. 2 is unsupported by substantial evidence.[3] In Finding of Fact No. 2, the Board found that Elizabeth Raiburn (Raiburn), director of professional services for Home Health Specialists, Inc. (Employer), met with Claimant in April, 2013, and counseled her about her "negativity in the workplace" in her annual performance review. Opinion, Finding

---

[2]     This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact were not supported by substantial evidence. Lee Hospital v. Unemployment Compensation Board of Review, 637 A.2d 695 (Pa. Cmwlth. 1994).

[3]     Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. Beverly Enterprises v. Unemployment Compensation Board of Review, 702 A.2d 1148, 1150 n.1 (Pa. Cmwlth. 1997).

of Fact No. 2 at 1. Claimant argues that the Board relied on impermissible and irrelevant character evidence when it made this finding based on a letter from Raiburn to the Unemployment Compensation authorities. Claimant's counsel objected on both of these grounds. The referee did not appear to sustain this objection.[4] The referee did sustain Claimant's counsel's objection when Raiburn

---

[4] It is somewhat difficult to glean from the record the referee's evidentiary rulings. The referee clearly sustained objections to Exhibit 8, the August 14, 2013, counseling form, and Exhibits 9-9a, the summary of an October 21, 2011, office meeting. At approximately the same point in hearing, the referee did not precisely rule on the objections to Exhibits 7-7a, a letter from Raiburn to the Unemployment Compensation authorities which referred to Claimant's annual performance evaluation and the August 14, 2013, counseling session:

> R (Referee): And 7 is a copy of a letter addressed To Whom It May Concern regarding the Claimant dated August 22nd, 2013. And it continues on to 7A authored by you, Ms. Raiburn. Is that correct?
>
> EW1 (Raiburn): Yes.
> . . . .
> CL (Claimant's counsel): I have some objections.
> . . . .
> CL: First with the 7 to 7A – the letter. There's [sic] references to an annual evaluation in April of 2013 and an August 4th [sic] counseling session.
> . . . .
> CL: I would object to any of that coming in on the grounds of both relevancy and improper character evidence.
>
> R: Okay.
>
> CL: I also would object to the counseling form, Exhibit 8. Once again, relevancy and improper character evidence. And the office meeting, 9 to 9A as it was written by Edward Raiburn who's not here to testify today and the matter is hearsay.
> . . . .
> R: All right. I'll sustain objections on the ground of hearsay.

Notes of Testimony, October 1, 2013, (N.T.) at 2-3; Reproduced Record (R.R.) at 61a-62a.

testified regarding the April 2013, performance evaluation on the basis that it was not relevant. However, the August 22, 2013, letter from Raiburn to the Unemployment Compensation authorities remained part of the evidentiary record. This document supports Finding of Fact No. 2.

Claimant argues that the evidence should not have been admitted pursuant to Pennsylvania Rule of Evidence 404 which provides, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

First, this Court notes that it is well-established law that technical rules of evidence do not apply in unemployment proceedings. Harkness v. Unemployment Compensation Board of Review, 920 A.2d 162 (Pa. 2007). The comment to Pa.R.E. 404(a)(1) provides, "[t]he rationale is that the relevance of such evidence is usually outweighed by its tendency to create unfair prejudice, particularly with a jury." It appears that Pa.R.E. 404 is a technical rule of evidence designed to protect parties in civil or criminal proceedings. Second, the reference to the performance evaluation was likely not intended to demonstrate Claimant's character but to show that Employer disapproved of negativity in the workplace by its employees and that Claimant was aware of Employer's disapproval. This Court does not agree that Finding of Fact No. 2 was unsupported by substantial evidence.[5]

---

[5] Assuming arguendo that Finding of Fact No. 2 was unsupported by substantial evidence, this finding did not detract from the Board's determination that Claimant committed willful misconduct.

Claimant next asserts that Findings of Fact Nos. 4, 5, 7, and 10-11 are unsupported by substantial evidence. In these findings, the Board found that 1) Claimant refused to talk to Raiburn concerning her performance, 2) asked if she was getting fired, and 3) Claimant was fired for insubordination on August 16, 2013, after she refused to discuss the situation with Raiburn. Claimant argues that these findings are based on inadmissible hearsay testimony and not on substantial evidence. Claimant asserts that these findings are only supported by the letter from Raiburn to the Unemployment Compensation authorities. Claimant admits that the letter was not objected to on the basis of hearsay.

Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). A "statement" is defined in the Pa.R.E. as "(1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion." Pa.R.E. 801(a).

An unobjected to hearsay statement will be given its probative effect and may support a finding of fact if corroborated by any competent evidence in the record. Walker v. Unemployment Compensation Board of Review, 367 A.2d 366 (Pa. Cmwlth. 1976).

In the letter to the Unemployment Compensation authorities, Raiburn stated:

> On August 16, 2013, I asked Emanuela Harting to come into my office. While I was speaking with her she interrupted me and said, 'If this is another one of your counseling sessions I'm not sitting through it.' I

6

informed her that her behavior had not changed and I needed to speak to her about it. She stood up and walked towards the door and stated 'I don't have to listen to you.' I asked Emanuela Harting to please sit down. She again stated 'I don't have to listen to you, if you have a problem with it, fire me.' Emanuela Harting then walked out of my office despite asking her to stay. I then called Elizabeth Salerno . . . down to my office to speak with her about the situation. While speaking with Elizabeth Salerno, Emanuela Harting walked into my office and with a smile and asked 'So, are you firing me now?' With Elizabeth Salerno as a witness I again asked Emanuela Harting if she would allow me to counsel her. Emanuela Harting again stated 'No, I am not listening to you. So, are you firing me.' I asked Emanuela Harting to excuse Elizabeth Salerno and I [sic] as we discussed the matter.

After discussing the matter with Elizabeth Salerno, I walked into Emanuela Harting's office and again asked if she was willing to talk to me. Emanuela again stated 'No, I don't want to talk to you about anything.' I then informed her that if she is not willing to talk to me I am left with no choice and will have to discharge her. She said 'So, I'm fired right?' I told her that I had no choice but to let her go. She smiled and said 'Fine.'

Letter from Elizabeth Raiburn, August 22, 2013, at 1; R.R. at 26a.

While the Board concedes that the document is hearsay, Raiburn testified:

I made several attempts to speak to the Claimant regarding her actions in the office and the disruption it was causing and she refused my counseling and told me she did not need to listen to me. She then made a scene in the office requesting I fire her and asking if she was fired at that time and then I had no other choice. . . .
. . . On August 14th, I counseled her in my office due to her negative behavior that was disrupting the office. She, again, became very argumentative, would not sign the form. Elizabeth Salerno was also present on August 16th

7

> when she refused to be counseled and told me she was not going to listen to me and repeatedly asked am I fired now.

N.T. at 4; R.R. at 64a.

Furthermore, Elizabeth Salerno, controller for Employer, testified that she was present on August 16, 2013, when Claimant refused to sign the counseling form, then left Raiburn's office, shortly thereafter returned and asked, "am I fired now. Am I fired now?" N.T. at 6; R.R. at 66a.

The testimony of Raiburn and Salerno corroborates the letter and they were both available for cross-examination. This Court determines that the Board's findings were supported by substantial evidence.

Claimant next contends that the Board erred when it determined that she committed willful misconduct.

Whether a Claimant's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. Lee Hospital v. Unemployment Compensation Board of Review, 589 A.2d 297 (Pa. Cmwlth. 1991). Willful misconduct is defined as conduct that represents a wanton and willful disregard of an Employer's interest, deliberate violation of rules, disregard of standards of behavior which an Employer can rightfully expect from the employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the Employer's interest or employee's duties and obligations. Frick v. Unemployment Compensation Board of Review, 375 A.2d 879 (Pa. Cmwlth. 1977). The Employer bears the burden of proving that it

8

discharged an employee for willful misconduct. City of Beaver Falls v. Unemployment Compensation Board of Review, 441 A.2d 510 (Pa. Cmwlth. 1982). The Employer bears the burden of proving the existence of the work rule and its violation. Once the Employer establishes that, the burden then shifts to the Claimant to prove that the violation was for good cause. Peak v. Unemployment Compensation Board of Review, 501 A.2d 1383 (Pa. 1985).[6]

Claimant also argues that Employer failed to meet its burden to prove that Claimant was insubordinate. This Court disagrees. Employer established that Claimant received a written warning which she refused to sign. Subsequently, Claimant refused to discuss the matter with Employer, a totally unacceptable response to a reasonable request. Claimant challenged Raiburn's authority when she stated that she did not have to listen to her. Claimant further appeared to attempt to goad Raiburn into terminating her.

Claimant testified that she never yelled "are you firing me," and that Raiburn told her, "I need to let you go. You've been interfering in my job description." N.T. at 11-12; R.R. at 71a-72a. The Board specifically accepted Employer's testimony on this issue as credible and rejected Claimant's explanation.

---

[6] Claimant argues that the record does not support a determination that Claimant was insubordinate. Claimant again argues that the Board's findings do not support that Claimant was insubordinate and were based on impermissible hearsay and character evidence. This Court already disposed of this argument.

In unemployment compensation proceedings, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence. Unemployment Compensation Board of Review v. Wright, 347 A.2d 328 (Pa. Cmwlth. 1975). Findings of fact are conclusive upon review provided that the record, taken as a whole, provides substantial evidence to support the findings. Taylor v. Unemployment Compensation Board of Review, 378 A.2d 829 (Pa. 1977).

Employer established that Claimant engaged in a disregard of the standards of behavior which an employer may reasonably expect from an employee. Claimant failed to provide good cause for her actions. The Board did not err when it determined that Claimant committed willful misconduct.

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emanuela Harting,                        :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Unemployment Compensation                :
Board of Review,                         :        No. 101 C.D. 2014
                    Respondent           :

# **O R D E R**

AND NOW, this 12th day of August, 2014, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge