IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gemma M. Sawa, : 
          Petitioner : 
    : 
      v. : 
    : 
Unemployment Compensation : 
Board of Review, :   No. 84 C.D. 2015
          Respondent :   Submitted: August 28, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY            FILED: October 20, 2015

      Gemma M. Sawa (Claimant), petitions for review of the Order of the Unemployment Compensation Board of Review (Board) that affirmed the Referee's denial of benefits to Claimant under Section 402(e) of the Unemployment Compensation Law (Law).[1]

## I. Background.

      The facts, as initially found by the Referee and confirmed by the Board, are as follows:

> 1. The claimant was employed as a full-time Alarm Monitor and Telecommunicator with the employer from March 23, 2013 until June 3, 2014 at the final rate of pay of $20.30 per hour.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

2. Prior to March 23, 2013, the claimant was also employed with the employer's Resources Development Group.

3. The employer requires all employees to complete yearly training on computer and internet usage.

4. The employer's policy permits limited use of the Internet.

5. The employer also has a government Internet usage policy, as there is a contract to provide emergency communications services to the federal protective service.

6. The employer reviews the policies with the employees.

7. The employees are required to be compliant with the software and information technology usage policy in the workplace.

8. The employer has a progressive disciplinary policy.

9. The employer skips the steps in the policy if the offense is egregious.

10. The claimant and a co-worker had a verbal altercation as the co-worker asked the claimant's assistance in answering the phones.

11. The claimant was not attending to her work, which caused the co-worker to pick up additional work.

12. The claimant refused to answer the phones.

13. The co-worker was over-burdened by the claimant's actions in not doing her work; the claimant's actions also had a potential for putting the federal police officers in danger.

14. An investigation was conducted.

15. The claimant's browser history was reviewed.

16. The browser history indicated that the claimant was attending on-line courses, was taking tests during the work hours.

17. The investigation indicated that…over a period of almost two months the claimant had devoted 41.08 hours towards unapproved activities for which she was paid.

18. The claimant's conduct was considered so egregious that the employer discharged the claimant for violation of their policies.

Referee's Decision (Decision), August 11, 2014, Findings of Fact (F.F.) Nos. 1-18 at 1-2; Reproduced Record (R.R.) at 000039a-000040a.

The Referee determined:

At the Referee's hearing, the underline employer's witness provided competent and credible testimony and documentary evidence, which established that the claimant during her work hours had spent 41.08 hours from March 16, 2014 until May 9, 2014 by [sic] taking online education courses, which resulted in her failure to perform her job duties. The employer's witness testified that the claimant's conduct was so egregious that the employer had to skip the steps in the progressive discipline policy and discharge the claimant without issuing a prior warning. The employer's witness stated the browser history indicated that the claimant had on certain days spent a total of 560 minutes doing her homework and taking educational courses. The employer stated that limited use of the internet is permitted but the claimant's conduct was in flagrant disregard of the employer's policies, affected her work, and caused the other employees to be overburdened. The employer added that the claimant's conduct also created a potential for putting the federal police officers in danger. The employer added that in the past too [sic]

3

employees were discharged for violation of the employer's internet usage policy. Therefore, the employer discharged her from employment.

In the present case, the claimant stated that other employees were also using the employer's computers and there was no policy, [sic] which stated that they could not do so. The claimant's witness, her sister, who is also an employee of the employer stated that other employees also used the internet. The testimony of the claimant and that of her sister was not credible.

Based on the competent and credible testimony provided by the employer's witness, the Referee finds that the claimant devoted her time by logging onto the online courses, would spend an inordinate amount of time on a given day doing her homework or taking the educational courses. Here, the Referee finds that the claimant's conduct was in disregard of the standards of behavior that an employer has the right to expect of an employee and is also considered a theft of time, as the claimant got paid for the work she did not do. As such, the Referee finds that the claimant's conduct was also inimical to the employer and not in the best interest of the employer. Therefore, the Referee finds that the claimant is ineligible for benefits under Section 402(e) of the Law.

Decision at 2-3; R.R. at 000040a. (Emphasis added.)

The Board affirmed.

## II. Present Controversy.

Claimant contends[2] that the Board erred when it determined that she was ineligible for benefits under Section 402(e) of the Law. Essentially, Claimant

---

[2] This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or **(Footnote continued on next page…)**

argues: 1) that RDG-GCS Joint Venture III (Employer) did not previously or uniformly enforce its policies regarding improper use of the internet; 2) that the Board did not rely on substantial, competent evidence when it determined that Claimant was not credible; and 3) that Employer failed to follow its progressive disciplinary policy.[3]

---

**(continued…)**

findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695 (Pa. Cmwlth. 1994).

[3] In her "Statement of Question Involved," Claimant listed the following issue:

> 1. Did the Unemployment Compensation Board of Review err in determining that Gemma Sawa [Claimant] was ineligible for benefits where she was allegedly terminated for violating the employer's internet use policies and for neglecting her job duties, and where:
>
>> (1) The record evidence is clear that the employer had not previously enforced these policies and that once Ms. Sawa [Claimant] was put on notice that the employer intended to begin enforcing them, she did not engage in further violations of these policies;
>>
>> (2) The Board relied solely upon hearsay evidence, and chose to disbelieve Ms. Sawa's [Claimant's] non-hearsay testimony to the contrary, in reaching its conclusion that Ms. Sawa [Claimant] used the internet 'to the neglect of her job duties';
>>
>> (3) The Board adopted the factual conclusion of the Referee that Ms. Sawa [Claimant] was actively using the internet for extended periods of time, despite no credible testimony or other evidence to that effect, and despite Ms. Sawa's [Claimant's] testimony to the contrary;
>>
>> (4) The employer did not follow its progressive discipline policy in terminating Ms. Sawa [Claimant];
>>
>> (5) The employer did not uniformly enforce its rule; and
>>
>> (6) Ms. Sawa [Claimant] was singled out for retaliation for complaints she had made against her second-level supervisor- the decision-maker with respect to the decision

**(Footnote continued on next page…)**

First, Claimant argues that Employer did not previously enforce its policies regarding improper use of the internet.

Whether a claimant's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. *Lee Hospital v. Unemployment Compensation Board of Review*, 589 A.2d 297 (Pa. Cmwlth. 1991). Willful misconduct is defined as conduct that represents a wanton and willful disregard of standards of behavior which an employer can rightfully expect from the employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or employee's duties and obligations. *Frick v. Unemployment Compensation Board of Review*, 375 A.2d 879 (Pa. Cmwlth. 1977). The employer bears the burden of proving that it discharged an employee for willful misconduct. *City of Beaver Falls v. Unemployment Compensation Board of Review*, 441 A.2d 510 (Pa. Cmwlth. 1982). The employer bears the burden of proving the existence of the work rule and its violation. Once the employer establishes that, the burden then shifts to the claimant to prove that the violation was for good cause. *Park v. Unemployment Compensation Board of Review*, 501 A.2d 1383 (Pa. 1985).

In the present case, Employer established that it had a policy which prohibited the use of computers for private purposes. Employer's Electronic and

---

**(continued…)**

> to enforce the internet use rule against Ms. Sawa [Claimant]?
> ….

Claimant's Brief, Statement of Question Involved at 10-11.

6

Telephonic Communications policy explained, "Accessing inappropriate information and materials via any Company/client system is strictly prohibited. 'Inappropriate' would include…sites which include…any non-business related use. The use of any software and business equipment, including…computers…for private purposes is prohibited. Employees who violate these rules will be subject to disciplinary action up to and including termination." Employer's Policy at 20-21; R.R. at 000128a-000129a. The Department of Homeland Security also had an enforceable Information Technology security policy that required its "office equipment to be used for official use, with only limited personal use allowed." Homeland Security Policy at 2; R.R. at 000121a. Claimant signed an agreement to comply with the computer and internet policy of Employer and Homeland Security on May 2, 2013, and June 25, 2012, respectively. *See* Homeland Security Acknowledgement Statement and RGJV Employee Handbook Acknowledgement of Receipt; R.R. at 126a and 131a. An investigation into Claimant's browser history indicated that Claimant spent 41.08 hours on unapproved activities in an approximate two month period. Decision at 2, F.F. 17; R.R. at 000040a.

Sheila McCombs (Ms. McCombs), Director for Employer, testified that Claimant was discharged because she violated both the Government Internet policy and the Employer's Employee Handbook policy regarding internet usage. Notes of Testimony, August 6, 2014, (N.T.) at 10; R.R. at 000014a. Ms. McCombs credibly testified that both policies were equally enforced. N.T. at 11; R.R. at 000015a. On May 9, 2014, there was an altercation between Claimant and another employee that led Employer to conduct an investigation into the internet usage of multiple employees. N.T. at 11; R.R. at 000015a-000016a. The

7

investigation revealed that Claimant was the only employee spending an excessive amount of time taking online classes. Notably, Ms. McCombs credibly testified that other employees were previously discharged for misuse of the computer policy. N.T. at 12; R.R. at 000016a.

In unemployment compensation proceedings, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence. *Unemployment Compensation Board of Review v. Wright*, 347 A.2d 328 (Pa. Cmwlth. 1975). Findings of fact are conclusive upon review provided that the record, taken as a whole, provides substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977). The Board adopted and incorporated the Referee's findings into its Order. This Court finds no error.

Claimant also contends that Employer did not uniformly enforce its policy regarding internet usage and that Paul Kelley, Project Manager for Employer (Mr. Kelley), enforced this policy only against Claimant as a means of retaliation for complaints she had previously made about him.

Mr. Kelley credibly testified that he had personally terminated another employee who violated Employer's Internet use policy by accessing "college sites" prior to this incident with Claimant. N.T. at 21-22; R.R. at 000025a-000026a.

The Board did not credit the testimony of Claimant and her sister Jacqueline Sawa (Ms. Sawa), a Dispatch Supervisor for Employer, that other employees accessed the internet for personal use.  N.T. at 23 and 32; R.R. at 000027a and 000036a.

The Board determined that Employer shouldered its burden to prove that Claimant's actions rose to the level of willful misconduct.

> The Board does not credit claimant's testimony that her supervisor was aware of her excessive internet usage, that the employer's policy was vague, and that the employer did not enforce its internet policy.  The policy is clear, and the claimant's excessive use of the internet on work time to the neglect of her job duties was in violation of the policy.

Board's Decision, December 24, 2014, at 1.  (Emphasis added.)

As finder of fact, the Board determined that Claimant devoted 41.08 hours towards unapproved activities for which she was paid.  This excessive personal use of the internet exhibited a sufficient disregard of Employer's interests to constitute willful misconduct.  Employer established that it had a rule and that Claimant violated that rule.  Additionally, Claimant failed to provide good cause for violating the rule.[4]

---

[4] *Assuming arguendo* that Employer failed to establish that it had an enforceable policy regarding internet usage, Claimant's argument would still fail.  The existence of a specific rule is not necessary where the employer has a right to expect a certain standard of behavior, that standard is obvious to the employee, and the employee's conduct is so inimical to the employer's interests that discharge is a natural result.  *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1162 (Pa. Cmwlth. 2013).

9

Further, Claimant failed to establish that Employer did not uniformly enforce its policies when it discharged Claimant or that she was discharged due to retaliation. This Court will not reweigh the factual findings of the Board.

Second, Claimant argues that the Board did not rely on substantial, competent evidence when it determined that Claimant was not credible. More specifically, Claimant argues that the Board relied on hearsay evidence to determine that Claimant used the internet "to the neglect of her job duties." Board's Decision at 1.

Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). A "statement" is defined in the Pennsylvania Rules of Evidence as "(1) an oral or written assertion or (2) nonverbal conduct of a person it if is intended by the person as an assertion." Pa.R.E. 801(a).

Here, Ms. McCombs testified that she became aware of Claimant's misuse of the internet after Claimant had a verbal altercation with a co-worker on May 9, 2014, where the co-worker accused Claimant of "neglecting her work." N.T. at 11; R.R. at 000015a. The co-worker complained that she had to handle a "high volume of dispatching activity" because Claimant was not attending to her work. N.T. at 11; R.R. at 000015a. Mr. Kelley testified that there are "officer safety issues involved" that require employees to adhere to Employer's internet usage policy. N.T. at 17; R.R. at 000021a. Claimant's co-worker's statements

10

merely prompted Employer to conduct an investigation which revealed that Claimant spent 41.08 hours logged into an educational site. These statements were offered to show their effect on Ms. McCombs and Mr. Kelley- which led them to have cause for concern that Claimant was abusing the internet policy- and not to show that Claimant *was* abusing Employer's policy. These statements were not offered for the truth of the matter asserted and were, therefore, not hearsay. *See, e.g. In re Shahan*, 631 A.2d 1298, 1304 (Pa. Super. 1993) (stating, "[s]ince the statement was not admitted for its truth, but rather its effect on the listener, the statement was not hearsay.")

Third, Claimant contends that Employer failed to follow its progressive discipline policy.

Ms. McCombs explained that Employer had a progressive discipline policy that consisted of a verbal warning, then a written warning or some form of counseling, and then additional discipline up to and including termination. N.T. at 13; R.R. at 000017a. However, Ms. McCombs testified that she did not follow that policy "because her [Claimant's] behavior was so egregious no prior warning was necessary." N.T. at 14; R.R. at 000018a.

This Court has held that even if an Employer has a progressive discipline policy, an offense may be so serious as to warrant immediate discharge. *Frigm v. Unemployment Compensation Board of* Review, 642 A.2d 629 (Pa. Cmwlth. 1994). Here, there was substantial evidence to support a finding that Claimant's violation of the internet usage policy was so serious that Employer

11

acted in compliance with its disciplinary policy when it discharged her without prior warning.

Accordingly, the decision of the Board is affirmed.

_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gemma M. Sawa,  :
               Petitioner  :
                 :
          v.  :
                 :
Unemployment Compensation  :
Board of Review,  :    No. 84 C.D. 2015
               Respondent  :

# **O R D E R**

AND NOW, this 20th day of October, 2015, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge