IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ines S. Zohni,                                    :
                    Petitioner                     :
                                                   :
            v.                                     :
                                                   :
Unemployment Compensation                          :
Board of Review,                                   :      No. 268 C.D. 2015
                    Respondent                     :      Submitted: October 2, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                              FILED:  November 3, 2015

            Ines S. Zohni (Claimant) petitions for review of the Order of the

Unemployment Compensation Board of Review (Board) that affirmed the

Referee's denial of benefits to Claimant under Section 402(e) of the

Unemployment Compensation Law (Law).[1]


            The facts, as found by the Board, are as follows:

            1. The claimant was last employed as a full-time teacher
            with School District of Philadelphia from March 25,
            2003 until June 2, 2014, at a final salary of $66,369.00.

            2.  The employer's policy states that employees must
            secure prior approval from their supervisor and/or from
            human resources if the employee requires leave.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).

3.  The claimant was aware or should have been aware of the employer's policy.

4.  The claimant, in the previous school years, would be absent just before the breaks or after the school breaks as she would go abroad.

5.  The claimant had a history of being absent without authorization.

6.  The claimant informed the principal of the school that she would be going abroad on December 23, 2013, but would return to work on January 2, 2014, when the school break would end.

7.  When making her travel plans, however, the claimant had actually booked her return flight from Cairo, Egypt to JFK Airport in New York for January 10, 2014.

8.  The claimant did not show up for her scheduled shift on January 2, 2014, but entered her request for sick leave in the employer's AESOP system, but only for January 2, 2014.

9.  The claimant did not enter requests for sick leave for the dates January 6th through the 10th of 2014, and was a no call/no show for these 5 days.

10.  The claimant's father did contact the principal of the school on the afternoon of January 8, 2014, to report the claimant's absence for that day.

11.  Thereafter, there was no contact with the claimant.

12.  The claimant returned to the U.S. on January 10, 2014.

13.  On January 13, 2014, the claimant went to her U.S. doctor and got a note to provide to the employer.

14.  On January 13, 2014, the claimant reported for work.

15. The employer requested that the claimant provide medical documentation as proof of her illness.

16. The claimant provided the employer with the doctor's note she received on January 2, 2014 from her doctor in Egypt. However, the doctor's note stated the claimant's age as sixty-seven, when in fact the claimant is forty-seven. This note was unacceptable to the employer.

17. The claimant tried to provide the employer with her doctor's note from her U.S. doctor, but the employer would not accept it because it could not be used to cover her medical condition while in Egypt.

18. The employer held several hearings with the claimant.

19. The claimant's last day of work was December 23, 2013.

20. On June 2, 2014, the principal of the school recommended that the claimant be discharged for being on leave without approval for five consecutive days, and for abuse of sick leave.

21. On June 2, 2014, the claimant was placed on suspension without pay pending a decision on the recommendation of dismissal.

DISCUSSION:
….
Section 402(e) of the Law provides that a claimant shall be ineligible for compensation in any week in which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work…[2]
….

---

[2] Claimant acknowledged that she was discharged on January 13, 2014. Notes of Testimony, August 5, 2014, (N.T.) at 4.

Based upon the above findings and the employer's credible testimony, the Board finds that the claimant's actions rise to the level of willful misconduct. The claimant was aware of the employer's policy. Instead of requesting leave as she was required to do, the claimant deliberately lied when she told the principal that she would return on January 2, 2014, but made her return date on her flight itinerary January 10, 2014. The claimant did not provide credible medical documentation as requested by the employer. The claimant was not sick as alleged. The claimant was absent for five consecutive days without calling off and without authorization in violation of the employer's policy. Moreover, the claimant's actions constitute abuse of sick leave. The claimant's deceptive actions were deliberate. The Board does not find credible the claimant's testimony and evidence including her assertion that the employer had a progression [sic] disciplinary policy that required a prior warning before discharge. Therefore, the Board concludes that the claimant is ineligible for benefits under Section 402(e) of the Law.

Board's Decision, December 16, 2014, (Decision), Findings of Facts (F.F.) Nos. 1-21 and Discussion at 1-3.

On appeal, Claimant essentially contends[3] that the Board erred when it affirmed the Referee's denial of benefits because the Board's determination that Claimant committed willful misconduct was not based on substantial evidence and that the School District of Philadelphia (Employer) failed to follow its progressive disciplinary policy.[4]

---

[3] This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695 (Pa. Cmwlth. 1994).

[4] In Her "Statement of Questions Involved," Claimant listed the following three issues:
**(Footnote continued on next page…)**

4

First, Claimant argues that the Board erred when it affirmed the Referee's denial of benefits because the Board's determination that Claimant committed willful misconduct was not based on substantial evidence.

Whether a claimant's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. *Lee Hospital v. Unemployment Compensation Board of Review*, 589 A.2d 297 (Pa. Cmwlth. 1991). Willful misconduct is defined as conduct that represents a wanton or willful disregard of standards of behavior which an employer can rightfully expect from the employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or employee's duties and obligations. *Frick v. Unemployment Compensation Board of Review*,

---

**(continued…)**

> Is it not illegal that UCBR denied benefits given that illness was involved and reported by Claimant, whereas Employer not only deemed doctor's note invalid for handwriting oddity (4 in her age looks like a 6) but overlooked factual evidence in the note as well as medical corroboration from 3[rd] party.
>
> It is not unconstitutional that UCBR erred in finding actual 5 consecutive unauthorized days between January 2 and 10 given Claimant's testimony as follow [sic]: '3' no school; '2' and '10' entered on AESOP; '8 and 9' reported to administrator by phone, which was reasonable under the circumstances while Claimant was extremely ill in [sic] Overseas during the holidays…
>
> It is not unlawful that UCBR denied benefits despite Employer has a progressive disciplinary policy, but chooses not to follow it with respect to an employee, or Claimant.

Claimant's Brief, Statement of Questions Involved at VII.

375 A.2d 879 (Pa. Cmwlth. 1977). The employer bears the burden of proving that it discharged an employee for willful misconduct. *City of Beaver Falls v. Unemployment Compensation Board of Review*, 441 A.2d 510 (Pa. Cmwlth. 1982). The employer bears the burden of proving the existence of the work rule and its violation. Once the employer establishes that, the burden then shifts to the claimant to prove that the violation was for good cause. *Park v. Unemployment Compensation Board of Review*, 501 A.2d 1383 (Pa. 1985).

In the present case, Employer established that it had a policy that "employees must secure prior approval from their supervisor and/or from human resources if the employee requires leave." Board's Decision, F.F. No. 2 at 1. Rhonda Boone (Ms. Boone), Unemployment Specialist, testified on behalf of Employer. Ms. Boone explained that Claimant was discharged from employment because Claimant: 1) did not enter requests for sick leave for January 6-10, 2014; 2) was a no call/no show for those 5 days; and 3) also failed to provide proper medical documentation to support her contention that she was ill. N.T. at 5 and 8. Ms. Boone noted that the School District's Employee Handbook requires that "an employee on sick leave who wishes to leave the city for a continuous period of time, must obtain approval of a director of Employee Health Services. Ms. Zohni [Claimant] never contacted Health Services during that period." N.T. at 8.

In unemployment compensation proceedings, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence. *Unemployment Compensation Board of Review v. Wright*, 347 A.2d 328

6

(Pa. Cmwlth. 1975). Findings of fact are conclusive upon review provided that the record, taken as a whole, provides substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977).

Here, the Board credited Employer's evidence and determined that Claimant "was not sick as alleged. The claimant was absent for five consecutive days without calling off and without authorization in violation of the employer's policy. Moreover, the claimant's actions constitute abuse of sick leave. The claimant's deceptive actions were deliberate." Board's Decision at 3. The findings of fact challenged by Claimant are supported by substantial evidence. Employer established that it had a rule, that Claimant was aware of that rule, and that Claimant violated that rule. Finally, Claimant failed to provide good cause for violating the rule.

Claimant also argues that Employer failed to follow its progressive disciplinary policy. More specifically, Claimant contends that she was never warned about her absenteeism. N.T. at 26.

The Board found that Ms. Boone credibly testified that Claimant was given previous warnings for absenteeism just before the breaks or after the school breaks because she would go abroad. N.T. at 12-13. This Court will not reweigh the factual determinations of the Board.

Accordingly, the decision of the Board is affirmed.

_____
BERNARD L. McGINLEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ines S. Zohni,                                           :
          Petitioner                          :
                             :
            v.                                           :
                             :
Unemployment Compensation                 :
Board of Review,                                 :   No. 268 C.D. 2015
          Respondent                        :

# **O R D E R**

AND NOW, this 3rd day of November, 2015, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge